

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

July 23, 2004

Carl N. Donaldson, Esq.
11 Beacon Street, Suite 600
Boston, MA 02108

Alfred E. Nugent, Esq.
11 Beacon Street, Suite 600
Boston, MA 02108

    Re:  United States v. Harry Guzman
          Criminal No. 04-10186-JLT

Dear Messrs. Donaldson and Nugent:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case, including documents numbered HG 001 to HG 091:

A.    <u>Rule 16 Materials</u>

1.    <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a, b.    <u>Written, Recorded Statements</u>

    Enclosed please find copies of a hadnwritten record of a statement dated April 8, 2003; a report reflecting the circumstances surrounding statements made on June 9, 2003; a report reflecting statements made on June 9, 2003; a report setting forth statements made on November 12, 2003; a record reflecting the defendant's agreement to speak with members of ATF dated November 12, 2003; and a Statement of Rights/Waiver form dated November 12, 2003.

c.  <u>Grand Jury Testimony of the Defendant</u>

The defendant did not testify before a grand jury in relation to this case.

d.  <u>Oral Statements to Then Known Government Agents</u>

See reports of interview referenced above. In addition, on June 9, 2003, the defendant was arrested in a third floor apartment of 197 West Street after the tenant had allowed law enforcement personnel to enter. As law enforcement personnel approached the defendant, who was in a bedroom with covers over him, the defendant was yelling, in substance, "Who is it? Who is it?" Upon being removed from the bed and informed that he was under arrest for arson, the defendant blurted out, in substance, that he had done nothing wrong and had been sleeping up in the third floor apartment. He said, in substance, that he had been up there for hours sleeping and that the police were just out to get him.

2.  <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

It is the government's understanding that the defendant has received a copy of his prior criminal record from Pretrial Services. If you desire further information in this regard, please contact the undersigned.

3.  <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.  <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

Enclosed are the following documents:

Origin and Cause report for fire of April 3, 2003

State Police Crime Laboratory report dated April 18, 2003

Lawrence Fire Department Investigation Report for fire of June 9, 2003

2

   State Police Crime Scene Services report for fire of June 9, 2003

   State Police Crime Laboratory report dated July 7, 2003

B.   Search Materials under Local Rule 116.1(C)(1)(b)

   Enclosed please find a search warrant dated June 9, 2003, search warrant return, and search warrant application.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

   No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

   With the proviso set forth at Local Rule 116.1(C)(1)(d)(ii), there were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

   There is no conspiracy count charged in the indictment.

F.   Identifications under Local Rule 116.1(C)(1)(f)

   A witness identified the defendant from a photo array as a person whom s/he saw near the scene of the fire of April 3, 2004. Enclosed please find a copy of the photo array.

G.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

   With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

   1.   Enclosed please find a report dated April 8, 2003 of an interview of Soveira Alamo and grand jury testimony of Ms. Alamo from March 3, 2004.

   2.   Any information of which the government is aware that would cast doubt on the admissibility of evidence that the

government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude is among the materials enclosed herewith.

    3-5.  Pursuant to Local Rule 116.6(A), the government declines to provide the information, if any, called for by these provisions on the ground that disclosure of such information at this time would identify certain witnesses, thereby exposing them to potential danger and/or tampering, and would therefore be detrimental to the interests of justice.

    6.  The government is unaware of any identification procedure was used in this case.

H.  <u>Other Matters</u>

    The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

    The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

    Please call the undersigned Assistant U.S. Attorney at 617-748-3247 if you have any questions.

                                   Very truly yours,

                                   MICHAEL J. SULLIVAN
                                 United States Attorney

                By:  ROBERT E. RICHARDSON
                     Assistant U.S. Attorney

cc: Hon. Robert B. Collings

Enclosures