UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10186-JLT |
| | ) | |
| HARRY GUZMAN | ) | |

DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF
INFORMATION PURSUANT TO LOCAL RULE 116.6(A)

Defendant, Harry Guzman, challenges the government's declination to disclose information and moves for an order compelling the government to comply with Local Rule 116.2.

More specifically, the government has invoked the provisions of Local Rule 116.6(A) to decline discovery:

> 3-5.  Pursuant to Local Rule 116.6(A), the government declines to provide the information, if any, called for by these provisions on the ground that disclosure of such information at this time would identify certain witnesses, thereby exposing them to potential danger and/or tampering, and would therefore be detrimental to the interests of justice.

Letter of government, July 23, 2004 at 4.  By letter dated February 23, 2005, defendant sought clarification of the "specific matters on which disclosure is declined" as required by LR 116.6(A).  The government replied, by letter dated April 8, 2005, that "the declination clearly was as to the information described at 116.2(B)(1)(c)-(e)."  Id. At 4.

The government's stated reason for declining to disclose information – that unnamed witnesses may be exposed to "potential

danger and/or tampering" – is insufficient.  Tellingly, the government used the qualifier "potential," a word rich with imprecision.  And the government's purported concerns – danger or tampering – are expressed in the alternative.  One notes that the information held back by the government relates to deals and criminal pasts of prospective witnesses, persons who are unlikely to be intimidated as they pursue favor from the government.  Further, defendant is incarcerated and the government has not identified any co-conspirators.  The suggestion that prospective witnesses might be in danger is unsupported in the record of this case.

   Finally, any legitimate concern regarding safety could be alleviated, if necessary, by a protective order limiting dissemination of the information disclosed.  In view of the gravity of the case, it is urgent that this information be timely provided to defense counsel.

### Certification Under Local Rule 116.3(F)

   Undersigned counsel, Charles McGinty, certifies that he has conferred with opposing counsel in a good faith attempt to eliminate or narrow the issues raised in this motion.

```
                              DAVID A. RUHNKE, ESQ.
                              CARL N. DONALDSON, ESQ.
                              CHARLES P. McGINTY, ESQ.
                              Co-counsel for Harry Guzman

                              /s/ Charles P. McGinty
                                 B.B.O. #333480
                              Federal Defender Office
                              408 Atlantic Avenue, 3rd Floor
                              Boston, MA 02110
April 29, 2005                Tel: 617-223-8061
```