UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 04-10186-JLT |
| | ) |
| **HARRY GUZMAN** | ) |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF
INFORMATION PURSUANT TO LOCAL RULE 116.6(A)**

In its automatic discovery letter of July 23, 2004, the government, invoking Local Rule 116.6(a), declined to provide the information called for by Local Rule 116.2(B)(1)(c)-(e), to wit, promises rewards and inducements, criminal histories, and open cases pending against any witness whom the government anticipates calling in its case-in-chief.[1]  The defendant has moved for disclosure of this information.  For the reasons that follow, the government opposes the defendant's motion.

**FACTS**

The specific factual bases on which the government has declined to provide the disclosure at issue are set forth in the sealed affidavit of Konstantinos Balos filed herewith, the content of which is incorporated by reference as if fully set

---

[1] In referencing the particular matters as to which disclosure was being declined, the government inadvertently used numbers rather than the letters used in the Local Rule, but the government believes that, given the context and structure of the automatic discovery letter as a whole, the specific matters were apparent.

forth herein.[2]

## ARGUMENT

In moving to compel disclosure of the Giglio material at issue here, the defendant, in describing "the reasons why disclosure is sought," as L.R. 116.6(a) requires, states merely that "[i]n view of the gravity of the case, it is urgent that this information be timely provided to defense counsel."  See Motion at 2.  This conclusory statement does not explain why disclosure of information that will be used to impeach the credibility of witnesses at trial is so imperative at this relatively early stage of the proceedings.

By contrast, as the content of the sealed affidavit makes clear, the government has a legitimate concern, founded on concrete events and interactions, that witnesses whose identities become known will be subject to intimidation and harm, and that this legitimate concern exists and persists even though the defendant himself is currently in custody.

The situation here is analogous to that presented in United States v. Higgs, 713 F.2d 39 (3d Cir. 1983).  In Higgs, the district court had denied a defense motion for the identities of government's witnesses generally but allowed a motion for

---

[2]While the government has incorporated by reference the sealed affidavit, the government hereby "redacts" the content of the affidavit, consistent with L.R. 116.6(A)("Unless otherwise ordered by the Court, a redacted version of each such submission shall be served on the moving party, which may reply.").

pretrial disclosure as to those witnesses who had been offered immunity and/or leniency, ruling that if such disclosure were not made the witnesses would be barred from testifying.  On appeal, the Third Circuit, upon reviewing a sealed affidavit of a DEA agent regarding threats made by or through the defendants in that case, held that the district court had abused its discretion in ordering that disclosure of these witnesses' identities be made a week before trial.  The Third Circuit noted: "The government presented specific corroborated evidence of threats made by or through appellees.  The information ordered disclosed to appellees was provided solely to help them in cross-examining the government's witnesses at trial, not to assist them in a general pretrial investigation."  Higgs, 713 F.2d at 45.  The same is true here: the government has presented this Court with its concrete reasons to fear for the safety of its witnesses, while the information at issue is intended to aid in the cross-examination of witnesses at trial rather than to assist in the investigation of the particular crimes charged.  See also United States v. Cannone, 528 F.2d 296 (2d Cir. 1976)(district court order allowing discovery of identities of government witnesses reversed in case where two defendants already had been indicted for obstructing justice by beating a grand jury witness).

    Indeed, the only reason the issue has arisen at this juncture is because the Local Rules provide for disclosure of

this Giglio material within 28 days of arraignment. But these provisions of the Local Rules were adopted well before the Supreme Court's decision in United States v. Ruiz, 536 U.S. 622 (2002). In Ruiz, the Supreme Court reversed a Ninth Circuit decision that material impeachment information must be provided before the government enters a binding plea agreement with a criminal defendant. 536 U.S. at 633. In so doing, the Supreme Court observed that impeachment information is special in relation to the fairness of a trial. 536 U.S. at 622. The Supreme Court also acknowledged the government concern expressed in Ruiz that premature disclosure of government witness information could disrupt investigations and expose potential witnesses to harm, and observed that "the careful tailoring that characterizes most legal Government witness disclosure requirements suggests recognition by both Congress and the Federal Rules Committees that such concerns are valid," citing 18 U.S.C. § 3432 (witness list disclosure required in capital cases three days before trial with exceptions); § 3500 (Government witness statements ordinarily subject to discovery only after testimony given); Fed. R. Crim. P. 16(a)(2)(embodiies limitations of 18 U.S.C. § 3500). Ruiz, 536 U.S. at 631-32. Thus, the assumption inherent in the Local Rules – that disclosure of this information at an early juncture was necessary to vindicate

constitutional principles – proves to have been unfounded.[3]

In sum, the government has specific reasons for resisting disclosure in this case. By contrast, just as the Higgs court found with respect to promises, rewards, and inducements, the impeachment material at issue here can be used just as effectively by the defendant if provided much closer in time to trial.

### CONCLUSION

For the foregoing reasons, the defendant's motion to compel disclosure should be denied.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By:  /s/Robert E. Richardson
>      ROBERT E. RICHARDSON
>      Assistant U.S. Attorney

---

[3] Indeed, given the implications inherent in Ruiz favoring later rather than earlier disclosure of impeachment material, the constitutional underpinnings of the Local Rules at issue here, requiring disclosure within 28 days of arraignment, are questionable.  See Stern v. District Court, 214 F.3d 4, 13 (1st Cir. 2000).

**CERTIFICATE OF SERVICE**

Suffolk, ss.:                                    Boston, Massachusetts
                                                 MaY 13, 2005

    I, Robert E. Richardson, hereby certify that I caused a true and correct copy of the foregoing to be served by electronic filing this date on counsel of record for the defendant.


                                    /s/ Robert E. Richardson
                                    ROBERT E. RICHARDSON