UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10186-JLT |
| | ) | |
| HARRY GUZMAN | ) | |

<u>DEFENDANT'S MOTION FOR DISCOVERY: Re CRUZ</u>

Defendant, Harry Guzman, hereby moves that this Court order the government to produce additional discovery relating to Juan Cruz, an admitted arsonist and a drug-dealing and gun-selling associate of Victor ("Bitin") Delgado.  The government has already disclosed some information "indicating Cruz's involvement in the fatal fire" alleged in Count 1 of the indictment, and has disclosed a partial transcript of an intercept of Cruz where he says that he had been solicited to set the fire by persons unnamed ("[t]hey wanted me to do it [the fatal fire] ").  The government nonetheless declines to produce a complete tape and transcript of the intercept(s) of Cruz, and declines to produce information relating to Cruz's criminal associations, including with Delgado and with other members of the Dome Dwellers gang.

The grounds for this motion are more fully set forth below.

I.

The indictment charges defendant with two arson offenses. Count one alleges that on April 3, 2003, Guzman set a fire at 48-50 Manchester Street in Lawrence, MA in which two people died. Count 2 alleges that on June 9, 2003, Guzman set a fire at 34 Washington Street, also in Lawrence.

As part of its discovery, the government disclosed a report of ATF S/A Balos, dated August 21, 2003, which stated that "[t]he investigation has developed information indicating [JUAN] CRUZ's involvement in the fatal fire." The report described an interview of Juan Cruz two months after the April fire, where he was confronted with false statements that he had made to investigators shortly after the fire, among them that he had arrived at the scene of the fatal fire only after the fire was underway.

The government also provided a partial transcript of a tape-recorded meeting between a government cooperating witness (CW) and Cruz. HG 161-63. The CW spoke with Cruz about his criminal connection with Delgado, stating, "You're Bitin [Delgado] people and he vouched [for you], and he told me that you deal." The CW went on to ask Cruz if he would do "an insurance job" and burn down a building. Cruz replied that he had burned a building or buildings "in South Lawrence" and "a building on Springfield

Street."  Cruz said that he had committed the arsons "with gas and we poured it on the stairs on all the walls on everything.  Then we lit it..."  <u>Id</u>. at HG 162.  Cruz did not identify the "we," but his description of putting gas on stairs and then igniting it is common to some of the fires at issue in this case.

According to the transcript, the CW drove Cruz past the site of the fatal fire (48-50 Manchester Street, Lawrence), and pointedly asked Cruz if he set the fatal fire:

| | |
|---|---|
| CW: | You're the one that burned down that house there. |
| Cruz: | Ha, Ha, dog. |
| CW: | Straight up and down dog. |
| Cruz: | I didn't have anything to do with that. |
| CW: | No, I'm just laughing right now because there's rumors out there. |
| Cruz: | I had a feeling that you were asking me because of that house. |
| CW: | Yeah, because... |
| Cruz: | That's why you took me around that house. |
| CW: | Yeah, because I wanted to see but then again I didn't know how to tell you. |
| Cruz: | Na, yo, didn't got, I was the suspect, but I got stop by the FBI. |
| CW: | That's what it was, the nigars that I knew they told me it was some dude name Juan that was involved. So I was like damn if that was Juan I'm going to ask him. |
| Cruz: | <u>They wanted me to do it</u> but I didn't do it because you know two people died there. |

HG 163 (emphasis added).  Cruz, on his guard having been earlier been questioned by the FBI ("I had a feeling that you were asking me...."), denied involvement in the fatal fire, but also said "they" wanted him to do it, presumably a reference to fellow gang members in the Delgado/Dome Dwellers crew.

Cruz was a gang member and a close drug-dealing and gun-selling associate of Victor ("Bitin") Delgado, who was charged in <u>United States v. Victor Delgado</u>, Magistrate No. 04-00441-RBC and Criminal No. 04-10032-GAO.  Cruz was intercepted in the context of the government's investigation of the Dome Dwellers, including Delgado and Eddy Lopez, who was separately charged in <u>United States v. Eddy Lopez</u>, Magistrate No. 04-00444-RBC and Criminal No. 04-10033-PBS.  Delgado and Cruz were both arrested on January 20, 2004 (Cruz was charged in state court), and both have utilized the same 30 May Street address in Lawrence.

## II.

By letter dated May 20, 2005, defendant made the following request:

> The report of ATF S/A Balos, dated August 21, 2003, stated that "[t]he investigation has developed information indicating CRUZ's involvement in the fatal fire."  You also provided a partial and undated transcript of Juan Cruz, where he stated that he burned buildings "[i]n South Lawrence" and "a building on Springfield Street," and that "[t]hey wanted me to do it [the fatal fire] but I didn't do it because you know two people died there."  HG162-63.  Cruz has admitted committing multiple arsons and that multiple persons ("they") had solicited him to set the fatal fire. Plainly, Cruz's possible involvement in the fatal fire,

> his history of arsons, and his criminal associations with other persons ("they") are both exculpatory and "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E).
>
> Accordingly, please provide:
>
> a. the complete recording (and transcript) of the intercept of Cruz (you provided only a partial transcript at HG 161-63);
>
> b. all notes and reports relating to the intercept, its date, and to any investigation(s) relating to statements made in the intercept;
>
> c. all notes of the debriefings or proffers of the "CW" in HG 161-63 which refer or relate to his statement that "the nigars that I knew they told me it was some dude name JUAN that was involved," or to his statement that "you're BITIN people," or referring to any arsons, including any participation or involvement of "Bitin" or persons associated with "Bitin" in arsons;
> ....
>
> h. all reports, writings, data compilations, interview notes, proffer notes referring or relating to Cruz's association with other persons engaged in criminal activities, including his associations with Eddy Lopez and Victor Delgado, and with gangs, including the Dome Dwellers, including any allegations that "they" sought his involvement in the fatal fire....

Defendant's Letter to Assistant U.S. Attorney Richardson, May 20, 2005 at ¶ 5 (copy appended as Exhibit A). By reply, dated June 20, 2005, the government declined to produce the requested materials:

> With respect to 5.a and 5.b, the relevant portion of the transcript has been produced. As I said to you and Mr. Ruhnke on the telephone, I am willing to produce the portion of the recording reflecting the portion of the conversation set forth in the transcript under a protective order limiting access to counsel and not the defendant. I do not believe notes and other materials beyond the portion of the recording and the transcript are discoverable.

> With respect to 5.c, we previously have produced some materials relating to information that Juan Cruz was involved in the fire. I do not believe that information generally showing Cruz's involvement in other crimes, including tending to show that he is "Bitin people," is discoverable. I am aware of no information regarding the participation of Bitin or persons associated with Bitin in arsons.
>
> With respect to 5.h, I do not believe that general information having to do with Cruz's association with persons involved in other criminal activity is discoverable, except to the extent of information that "they" sought Cruz's involvement in the fatal fire. As to information falling into that category, I am aware of none.

Government Letter, dated June 20, 2005 at 3 (copy appended as Exhibit B).

By letter dated June 29, 2005, defendant responded, in an effort to seek resolution of the issues:

> In your letter, you state: "I do not believe that information generally showing Cruz's involvement in other crimes, including tending to show that he is "Bitin people," is discoverable." Government letter, June 20, 2005, at 3. You carve out an exception: "except to the extent of information that 'they' sought Cruz's involvement in the fatal fire." *Id*. at 4. The identity of the "they" who solicited Cruz to commit the crime, including all information relating to Cruz's criminal associations to the extent they shed light on the identity of the "they," is core exculpatory information. Since your office has conducted a thorough investigation of the Bitin group, including through proffers, we reasonably expect that your office and its investigative agencies are sitting on extensive information about "Bitin" and his people, including Cruz. We view Cruz's involvement with the gang as corroborative of his assertion that "[t]hey" solicited him to do the crime, and request that you reconsider your refusal to produce information.

Defendant's Letter, dated June 29, 2005, at ¶ 3 (copy appended as Exhibit C). By reply dated July 13, 2005, the government stated:

> ... I do not agree with you that, in the portion of the taped conversation disclosed last December, Cruz was indicating that Bitin and his people had solicited him to commit the fatal arson, and I therefore do not believe that wide ranging discovery regarding an unrelated prosecution charging unrelated crimes is appropriate in this case....

Government Letter, dated July 13, 2005, at ¶ 3 (copy appended as Exhibit D).

### III.

As summarized above, the government has disclosed "information indicating CRUZ's involvement in the fatal fire," as well as a portion of a transcript wherein Cruz stated that he was solicited to commit the arson. In this motion, the defense presses for the entire tape and transcript of Cruz's intercept and all other Cruz intercepts, as well as information relating to Cruz's criminal associations.

The government takes the view that the defense should be content with Cruz's statement that he was solicited to set the fire by a mysterious "they." Presumably, the government is not itself content,[1] since a jury would surely puzzle over who "they" were and what their motive was to solicit an arson. The identity of "they" and their reasons to solicit Cruz are exculpatory here,

---

[1] The government maintains that it does not agree that Cruz was indicating that Bitin and his people had solicited him to commit the fatal arson. It is unclear whether government counsel formed this view after a comprehensive review of the discovery, proffers and intelligence gathered in the Delgado and Lopez cases. In any event, the defense is not obliged to accept the government's interpretation of Cruz's statement.

being altogether inconsistent with the government's theory that Guzman, without apparent motive, set the fires. The motive of others to commit this offense cannot go unexplored by any competent defense counsel; failure to run down who the "they" were, being quite "material to preparation of the defense," Rule 16(a)(1)(E)(i), would be simple dereliction by the defense.

Moreover, the government denies the defense access to more than an edited portion of an undated transcript, the text of which is cut off mid-conversation as the CW solicited Cruz to commit an arson. The government offered to provide an edited tape, tailored to the edited transcript, but only if defendant acceded to a protective order. The government's proposal of a protective order comes rather late. On information and belief, the Cruz tape(s) were disclosed in United States v. Delgado without a protective order (the docket in that case reveals no protective order having been entered). Defendant submits that he is entitled to the entire tape and transcript, without a protective order, as well as all other intercepts of Cruz in the course of the government's gang investigation.

CONCLUSION

Defendant requests an order that the government produce (1) a complete tape and transcript of the undated Cruz intercept, as well as reports, debriefings and notes relating to the intercept; (2) all tapes and transcripts of other intercepts of Cruz; and

(3) information relating to Cruz's criminal associations, including with Delgado and members of the Dome Dwellers, as well as debriefing notes of the CW relating to this issue.

<u>Certification Under Local Rule 116.3(F)</u>

Undersigned counsel, Charles P. McGinty, certifies that he has conferred with opposing counsel in a good faith attempt to eliminate or narrow the issues raised in this motion.

>DAVID A. RUHNKE, ESQ.
>CARL N. DONALDSON, ESQ.
>CHARLES P. McGINTY, ESQ.
>Co-counsel for Harry Guzman
>
>/s/ Charles P. McGinty
>
>Charles P. McGinty
>   B.B.O. #333480
>Federal Defender Office
>408 Atlantic Avenue, 3rd Floor
>Boston, MA 02110
>Tel: 617-223-8061

August 2, 2005