UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10186-JLT |
| ) | |
| HARRY GUZMAN ) | |

## AFFIDAVIT OF HARRY GUZMAN

I, Harry Guzman, being duly sworn, hereby state as follows:

1. I am the defendant in this case.

2. In the early morning hours of June 9, 2003, I was arrested and brought to the police station in Lawrence. I was told that I had the right to an attorney. I told the officers that I wanted to call my attorney before being questioned. Despite my request for an attorney, I was questioned by the police about a fatal fire that took place on Manchester Street, in Lawrence, in April 2003. It was clear that police considered me a suspect in the Manchester Street fire. Because of that, and because I was being charged with another arson, I hired a lawyer to represent me, Carl Donaldson, Esq., who continues to represent me.

3. I was later charged in Lawrence District Court with one count of arson, for a June 9, 2003 fire. I was held in custody for at least one month. I was released by the court in July. I was later returned to custody because of a violation of bail conditions, and was incarcerated in November 2003 at the Middleton Jail.

4. On November 12, 2003, two federal agents came to the Middleton Jail to ask me questions. At the start they gave me a rights form to read and sign but said they didn't want to ask me any questions, but just wanted me to listen to what they had to say. They also said they didn't want to talk about the case I was charged with but, instead, wanted to talk about the fatal fire on Manchester Street where a woman and a baby died. I told the agents I wanted my attorney present for this, but they told me that I did not need an attorney since they weren't going to

ask me any questions and they just wanted me to listen to what they had to say.

5. After telling me I didn't need an attorney, the agents began talking to me about the fatal fire on Manchester Street. They showed me photos of the burned bodies, including the baby, ordering me to "look," and telling me, "These people need justice." I was also told by the agents that, because of their investigation, they already "knew" I was involved in the fatal fire and that now was the time for me to tell them what I knew and what I had done since later it would be too late for them to help me. When that was said to me, I told the agents I didn't do the fatal fire and I again asked for my attorney to be present before things went any further since it looked to me like they were accusing me of murder. I also remember the agent I know as "Agent Dino" telling me I was under investigation for the fatal fire by a federal grand jury. When I was told that I again asked for my lawyer and told the agents I didn't want to answer any questions without my lawyer. Agent Dino, who did most of the talking that day, replied by telling me that I wasn't under arrest, and that "we're just asking you a few questions here, and there's no need for him (my lawyer)" to be here since they were only interested in seeing if they could help me help myself. I figured at this point that I had no real choice but to speak with them, and I did so.

6. As they were leaving, the agents asked me to sign the bottom of a form which they said was to show their boss that they had met with me. I signed the form. I did not read what I signed.

Signed and sworn under the pains and penalties of perjury this 9 day of August, 2005.

Harry Guzman

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10186-JLT |
| ) | |
| HARRY GUZMAN ) | |

### AFFIDAVIT OF CARL DONALDSON, ESQ.

I, Carl Donaldson, Esq., being duly sworn, hereby state as follows:

1. I am one of the attorneys for Harry Guzman in the above-captioned action.

2. I was retained by Mr. Guzman's family shortly after he was arrested and questioned on June 9, 2003. I have represented him continuously since then.

3. In November of 2003, Mr. Guzman was incarcerated at the Essex Jail in Middleton. It is my present understanding, based upon my review of the federal discovery, that federal agents interviewed my client at the Middleton Jail on November 12, 2003. I was not contacted in advance of that interview by any member of law enforcement nor by any representative of the Office of the United States Attorney. Had I been contacted, I would not have given permission for the interview to take place. Had I been present at the interview, I would have advised my client to make no statements to the agents and would have terminated the interview. Had I been called by my client after the agents appeared at Middleton, I would have informed him not to attend or participate in an interview or meeting of any kind with the agents even if the agents only wanted him to listen to what they had to say. Based on my experience with Mr. Guzman, it is my belief that he would have followed my advice.

Signed and sworn under the pains and penalties of perjury this 9 day of August, 2005.

_____
Carl N. Donaldson, Esq.