UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10186-JLT |
| ) | |
| **HARRY GUZMAN** ) | |

**OPPOSITION TO MOTION TO DISMISS: INTERSTATE COMMERCE**

The government hereby respectfully opposes the defendant's motion to dismiss the indictment on the ground that the two rental properties at issue were not being "used" in interstate commerce or otherwise had no constitutionally significant effect on interstate commerce. Each of the properties in question was, at the relevant time, divided into a number of rental units, and each, at the relevant time, had a number of tenants paying rent; these factors supply the requisite jurisdictional nexus under the Commerce Clause and render constitutional the prosecution of the defendant under 18 U.S.C. § 844(i).

The defendant premises his motion on United states v. Lopez, 514 U.S. 549 (1995), a case in which the Supreme Court held unconstitutional the Federal Gun Free School Zone Act. With commendable candor, however, he also cites the two cases requiring the denial of his motion.

The first of these cases is Russell v. United States, 471 U.S. 858 (1985). In Russell, the Supreme Court confronted whether the statute at issue here – 18 U.S.C. § 844(i) – applies to a two-unit apartment building being used as rental property.

The Court held that "[t]he reference [in 844(i)] to 'any building . . . used . . . in any activity affecting interstate or foreign commerce' expresses an intent by Congress to exercise its full power under the Commerce Clause." Roberts, 471 U.S. at 859 (footnote omitted). The Court further stated:

> By its terms . . . the statue only applies to property that is "used" in an "activity" that affects commerce. The rental of real estate is unquestionably such an activity. We need not rely on the connection between the market for residential units and 'the interstate movement of people,' [footnote omitted] to recognize that the local rental of an apartment unit is merely an element of a much broader commercial market in rental properties. The congressional power to regulate the class of activities that constitute the rental market for real estate includes the power to regulate individual activity within that class. [Footnote omitted].

Russell, 471 U.S. at 862. The Court accordingly held that, because the building contained apartments that were being rented at the time of the fire, the property was being used in an activity affecting commerce within the meaning of § 844(i).

The other case is United States v. DiSanto, 86 F.3d 1238. In that case, the First Circuit considered an argument that Lopez had effectively overruled Russell and required the invalidation of § 844(i). The First Circuit rejected this claim, observing, among other things, that nothing in Lopez called into question the conclusion in Russell that § 844(i) constitutionally regulates arson of business property. See DiSanto, 86 F.3d at

1245; see also Jones v. United States, 529 U.S. 828, 852 (2000)(holding § 844(i) inapplicable to private residences but citing Russell with approval and distinguishing private residence from rental property).

Here, because each of the two buildings in question was subdivided into rental units that were actually being rented at the time of the fires, and because the holding in Russell clearly comprehends such properties, the defendant's motion must be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny the defendant's motion seeking dismissal of the indictment.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  /s/Robert E. Richardson
     Robert E. Richardson
     Assistant U.S. Attorney