UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 04-10186-JLT |
| | ) |
| HARRY GUZMAN | ) |

DEFENDANT'S RENEWED MOTION TO COMPEL DISCLOSURE OF
INFORMATION PURSUANT TO LOCAL RULE 116.6(A)

By motion dated April 29, 2005, defendant challenged the government's declination to disclose LR 116.2 information. The government at the time filed an ex parte submission in support of its position. This Court, by Order entered June 7, 2005, sustained the declination.

As the case is now closer to trial, disclosure of the LR 116.2 information is of renewed urgency. The identity of at least one government witness (who presumably benefitted from promises and/or rewards) is of considerable importance since the government relies so heavily upon that witness in opposing defendant's motion to sever counts.

More specifically, in its Opposition to Defendant's Motion to Sever Offenses, the government argues that the two charged arsons, one with two fatalities on April 3, 2003 and a second with minor property damage on June 9, 2003, have "substantial similarities in the way the two arsons were committed." The government describes the second (non-fatal) arson as proven by

surveillance and by the recovery of the gas container allegedly used by defendant, and contends in a separate filing that defendant was "caught red-handed" on this charge.  See Opposition to Defendant's Motion to Suppress Statements, at 12.

As to the first charged arson, a crime of considerably greater gravity, the government describes its proof as relying on two principal sources.  The first is

> a witness who has said, in substance and among other things, that s/he observed the defendant leave the vicinity of 197 West Street shortly before the April 3 fire with a container of gas and a white T-shirt around his neck; that the defendant turned left onto Manchester Street; that another person [elsewhere named by the witness as Juan Cruz] was coming from the other direction; that the defendant and this person went behind 48-50 Manchester Street; that the defendant, either alone or with this other person, stretched out the T-shirt and put it on the back porch stairs; that the defendant reached for the container with the gasoline; and that shortly thereafter the building was on fire.

Government's Opposition to Defendant's Motion to Sever Offenses, at 2-3.  This witness' statement is, according to the government, supported by defendant's own statement of November 12, 2003, where he allegedly stated, in the last of several statements to police, that he served as lookout for the fire which was set by Juan Cruz.[1]

---

[1] The admissibility of that alleged statement is contested in Defendant's Motion to Suppress Statements.  The government also claims that the post-fire investigation "is consistent with the fire having been set in the rear porch area of the building," id. at 3, although no trace of gasoline was found in the samples taken from that area.

-2-

The strength of the government's proof on the two counts differs greatly, a factor of importance in weighing the appropriateness of severance.

> Courts have recognized that the joinder of offenses in a single trial may be prejudicial when there is a great disparity in the amount of evidence underlying the joined offenses. See, e.g., United States v. Foutz, 540 F.2d 733, 738 (4th Cir. 1976). One danger in joining offenses with a disparity of evidence is that the State may be joining a strong evidentiary case with a weaker one "in the hope that an overlapping consideration of the evidence [will] lead to convictions on both."

Lucero v. Kerby, 133 F.3d 1299, 1315 (10th Cir. 1998), quoting United States v. Clayton, 450 F.2d 16, 19 (1st Cir. 1971).

This factor becomes of greater import where the weaker proof is on the potential capital charge. Where proof of that count relies heavily on the testimony of the unnamed witness, the defense is handicapped by the witness' anonymity, having no means to meaningfully assess the unnamed witness's testimony and to contest its probative force in connection with the motion to sever counts. The government, by offering a summary of the witness's likely testimony but declining to identify the witness, uses its declination to strategic advantage by preventing the defense from effectively contesting the government's offer of proof of proper joinder.

In further support of his motion, defendant submits an ex parte affidavit. Since the government has submitted an ex parte affidavit in support of its declination, the defense submits its

-3-

own to dispute the declination.

Finally, any legitimate concern regarding safety of prospective witnesses could be alleviated, if necessary, by a protective order limiting dissemination of the information to the defense team, and not to the defendant or any other non-affiliated person. In view of the gravity of the case, it is urgent that this information be timely provided to defense counsel.

Accordingly, defendant seeks disclosure of LR 116.2 information pertaining to at least the witness relied upon in the Government's Opposition to Defendant's Motion to Sever Offenses.

                                      HARRY GUZMAN
                                      By his attorneys,

                                      DAVID A. RUHNKE, ESQ.
                                      CARL N. DONALDSON, ESQ.
                                      CHARLES P. McGINTY, ESQ.

                                      /s/ Charles P. McGinty

                                      Charles P. McGnty
                                         B.B.O. #333480
                                      Federal Defender Office
                                      408 Atlantic Avenue, 3rd Floor
                                      Boston, MA 02110
                                      Tel: 617-223-8061

October 12, 2005