UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 04-10186-JLT |
| | ) |
| **HARRY GUZMAN** | ) |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S RENEWED MOTION TO COMPEL DISCLOSURE OF
INFORMATION PURSUANT TO LOCAL RULE 116.6(A)

The government hereby respectfully opposes the Defendant's Renewed Motion to Compel Disclosure of Information Pursuant to Local Rule 116.6(A) (the "Motion"). In the Motion, the defendant maintains that disclosure of the 116.2 material is of renewed urgency because the matter is now closer to trial. There is, however, no trial date yet set, and the government therefore does not agree that there is any urgency to the issue at all.

Indeed, as the government indicated in its opposition to the defendant's initial motion seeking to compel disclosure of this material, the disclosure the defendant seeks is essentially of three particular varieties of Giglio material. The District Court established the Local Rules requiring disclosure of this material 28 days after arraignment well before the Supreme Court's decision in United States v. Ruiz, 536 U.S. 622 (2002). In Ruiz, the Supreme Court reversed a Ninth Circuit decision that material impeachment information must be provided before the government enters a binding plea agreement with a criminal defendant. 536 U.S. at 633. In so doing, the Supreme Court

observed that impeachment information is special in relation to the fairness of a trial.  536 U.S. at 622.  The Supreme Court also acknowledged the government concern expressed in Ruiz that premature disclosure of government witness information could disrupt investigations and expose potential witnesses to harm, and observed that "the careful tailoring that characterizes most legal Government witness disclosure requirements suggests recognition by both Congress and the Federal Rules Committees that such concerns are valid," citing 18 U.S.C. § 3432 (witness list disclosure required in capital cases three days before trial with exceptions); § 3500 (Government witness statements ordinarily subject to discovery only after testimony given); Fed. R. Crim. P. 16(a)(2)(embodiies limitations of 18 U.S.C. § 3500). Ruiz, 536 U.S. at 631-32.  Thus, the assumption inherent in the Local Rules – that disclosure of this information at an early juncture was necessary to vindicate constitutional principles – proves to have been unfounded.

   Here, given that the trial of this matter is far from imminent, there remains no sound basis for requiring disclosure at this early stage.  Quite to the contrary, given the specific issues raised in the Balos Affidavit, submitted in camera at the time of the government's initial opposition, including but not limited to the information set forth in paragraph 8, there are sound reasons for maintaining the government's declination of

disclosure.  See United States v. Higgs, 713 F.2d 39 (3d Cir. 1983); United States v. Cannone, 528 F.2d 296 (2d Cir. 1976).

The defendant does proffer something new this time around. He notes that the government, in responding to his motion to sever counts, set forth information received from a particular witness and claims that he is hampered in contesting the probative force of the witness's testimony because he does not know who it is.

In the first place, the government does not believe this information is as central to the government's opposition to the defendant's severance motion as the defendant would have it.  The government's main point in that opposition was that the arsons charged in each of the two counts share the same basic sorts of similarities - geographic proximity, temporal proximity, and similar general modus operandi – as have been present in cases in which the First Circuit has upheld denials of severance motions. See, e.g., United States v. Taylor, 54 F.3d 967 (1st Cir. 1995). This witness's version of events is not essential to that argument: the places, dates, and times of the arsons are beyond serious dispute, and the defendant's own statement reveals other aspects of the fatal fire that are similar to the arson charged in Count Two.

Moreover, and in any event, the Local Rules at issue are not designed to provide defendants with the identities of witnesses

in general.  Were the defendant to be provided with the three specific varieties of <u>Giglio</u> material implicated by these Rules – criminal records; promises, rewards, or inducements; and pending criminal cases – the defendant still will not know whether any of such information pertains to the witness in question or, to the extent such information exists with respect to more than one witness, which is the witness in question.  Seeking to compel disclosure of this material is thus a blunt instrument indeed if the defendant's purpose is to smoke out the identity of this particular witness.

The bottom line is that there is no Federal Rule of Criminal Procedure or Local Rule requiring the government to disclose the identities of witnesses.  The government has previously demonstrated, in the manner contemplated by the Local Rules, its well-founded concern that witnesses whose identities become known will be subject to intimidation and harm, and that this concern exists and persists even though the defendant himself is currently in custody.  The Motion accordingly should be denied.

**CONCLUSION**

For the foregoing reasons, the Motion should be denied.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

By:  /s/Robert E. Richardson
     ROBERT E. RICHARDSON
     Assistant U.S. Attorney