# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA

     v.                                CRIMINAL NO. 2004-10186-JLT

HARRY GUZMAN,
        Defendant.

## *FINAL ORDER ON DEFENDANT'S MOTION FOR DISCOVERY RE: CRUZ (#48)*

COLLINGS, U.S.M.J.

The Court herein decides the issues remaining with respect to the Defendant's Motion for Discovery Re: Cruz (#48); in so doing, it must define the prosecutor's duty when he or she receives a pretrial request for evidence asserted to be exculpatory.

With respect to item (1),[1] the Court has granted the first part of that prayer for relief, i.e., disclosure of the complete tape and transcript. *See* #66.

---

[1] The numbers (1), (2) and (3) refer to the prayers for relief set forth on pages 8 and 9 of the motion.

With respect to the prayer for disclosure of "reports, debriefings and notes relating to the intercept," the motion is ALLOWED only to the extent that the "reports, debriefing and notes relating to the intercept" shed any additional light on what Cruz meant by the term "they" in the conversation which is set forth on the second to the last line on page 3 of the motion and otherwise DENIED.

As to the prayer for an order compelling disclosure of (2), i.e., all "tapes and transcripts of other intercepts of Cruz" and (3), i.e., any "information relating to Cruz's criminal associations," the Court finds that the defendant is not entitled to the discovery sought in the terms requested. The only basis on which the defendant would be entitled to such discovery would be that it is exculpatory evidence.

What the defendant seeks in the instant case is not "exculpatory on its face" as was the confession of someone else to the crime charged in *Brady v. Maryland,* 373 U.S. 83 (1963). As the Supreme Court later noted:

> In *Brady* the request was specific. It gave the prosecutor notice of exactly what the defense desired. Although there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond either by furnishing the

>   information or by submitting the problem to the trial judge.

United States v. Agurs, 427 U.S. 97, 106 (1976).[2]

I find that the "subject matter" of what defendant has requested in the instant case is not "material" and further that there is "no substantial basis for claiming materiality exists." Id.  As defendant's counsel acknowledged at the hearing, he has no way of knowing whether there is any exculpatory evidence in the items which he seeks to have the Government disclose.  In contrast, in the Brady case, defendant's counsel knew that the confession of someone else to the crime charged was plainly "material."

The bottom line is that the defendant is not entitled to discovery of items not otherwise subject to discovery on the theory that the items *may* contain exculpatory evidence.  "The mere possibility that an item of undisclosed information might ...help[] the defense, or might...affect the outcome of the

---

[2] It may be argued that the Agurs decision was "overruled" by the Supreme Court decision in United States v. Bagley, 473 U.S. 667 (1985).  The undersigned does not believe that "overruled" is an accurate description of what the Supreme Court did.  Rather, in Bagley, the Supreme Court adhered to the basic principles set forth in Agurs but stated a uniform test for determining when the withholding of exculpatory evidence requires reversal regardless of the nature of the request or, in fact, regardless of whether there was a request at all. Bagley, 473 U.S. at 482.  The Bagley decision is a further refinement of the principles set forth in Agurs.  Is there any real difference between the Agurs standard, i.e., "if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed" (Agurs, 427 U.S. at 112) and the Bagley standard, i.e., "the evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." (Bagley, 473 U.S. at 682)?  It does not seem so.

trial, does not establish 'materiality' in the constitutional sense." *Agurs,* 427 U.S. at 109-10.  The motion to require disclosure of that which is sought in (2) and (3) is, therefore, DENIED.

That, however, does not end the prosecutor's responsibility since defendant's requests in the instant case should be read as "general" requests for exculpatory material.  *Agurs,* 427 U.S. at 106-7.[3]  In the face of a "general" request, the prosecutor does **not** have a "...constitutional obligation to disclose any information that might affect a jury's verdict." *Agurs,* 427 U.S. at 108-9.  However, he **does** have a constitutional obligation to disclose any evidence which may raise a reasonable doubt as to the defendant's guilt.[4]  Accordingly,

---

[3] In *Agurs,* the Supreme Court gave two examples of "general" requests - a request for "all Brady material" and a request for "anything exculpatory." *Agurs,* 427 U.S. at 106.  Clearly, the requests in the instant case were not as general.  However, the Court sees no difference in requests for "anything exculpatory" within the prosecutor's possession and "anything exculpatory" within a certain part of the prosecutor's file.  The Court sees the distinction between "specific" and "general" requests to be that with respect to "specific" requests, the defendant is able to demonstrate that the requested discovery is "material" or that there is a "substantial basis for claiming materiality" of the requested discovery.

[4] One problem with defining the prosecutor's duty of disclosure *before* trial is that the Supreme Court decisions all involve the issue of non-disclosure *after* trial has occurred.  Thus, in *United States v. Bagley,* 473 U.S. 667, 681-2 (1985), the Court stated that the prosecutor's duty is the same regardless of whether the request is "general" or "specific" and instead instructed Courts to apply the test enunciated in *Strickland v. Washington,* 466 U.S. 668, 694 (1984) and overturn convictions "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley,* 473 U.S. at 682.  There is no "result" when looking at the issue from the pretrial vantage point.  However, since conviction requires the prosecutor to prove guilt beyond a reasonable doubt and the jury must acquit if it has a reasonable doubt as to the defendant's guilt, it seems to the undersigned that the prosecutor's duty before trial (as opposed to with hindsight) is that the prosecutor must produce that evidence which, if presented to the factfinder, would create a "reasonable doubt respecting guilt." *See Bagley,* 473 U.S. at 682, n. 13 quoting *Strickland,* 466 U.S. at 695.

the Court notes that the prosecutor, in the face of the "general" requests which have been made by the defendant, has a duty to review the material which has been requested and to disclose any evidence which may raise a reasonable doubt as to the defendant's guilt. The Court is confident that the prosecutor will perform this duty.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

November 2, 2005.