UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10186-JLT |
| | ) | |
| HARRY GUZMAN | ) | |

DEFENDANT'S MOTION FOR HEARING
OUTSIDE THE PRESENCE OF THE JURY
IN ACCORDANCE WITH NEIL V. BIGGERS

Defendant, Harry Guzman, respectfully requests that the Court order a hearing outside the presence of the jury in accordance with Neil v. Biggers, 449 U.S. 188 (1972), on the issue of impermissibly suggestive pretrial identification procedures as to each witness who may render identification testimony at trial.

In cases where identification is in issue, the defendant may move under the due process clause to suppress any identifications where the procedures followed were unnecessarily suggestive. See Simmons v. United States, 390 U.S. 377 (1967); United States v. Wade, 388 U.S. 218 (1967). Such a motion requires, however, that a defendant be informed of any irregularities or that the irregularities be apparent from the procedure itself. But where a procedure was conducted outside the presence of defendant or his counsel, the defense is handicapped in its ability to make a full showing whether a procedure was suggestive or improperly conducted.

In Watkins v. Sowders, 449 U.S. 341, 101 S.Ct. 654 (1981), the Supreme Court held that a trial court is not compelled to

conduct an evidentiary hearing on identification testimony outside the presence of the jury. The Court noted, however, that the issue raised was whether such a hearing was <u>required</u> by the Due Process Clause. The Court cautioned:

> The issue before us is not, of course, whether a trial court acts prudently in holding a hearing out of the presence of the jury to determine the admissibility of identification evidence. The prudence of such a hearing has been emphasized by many decisions in the Courts of Appeals, most of which have in various ways admonished trial courts to use that procedure. [footnote omitted].

<u>Id</u>. at 657.

Here photographic arrays were shown to at least one person. Defendant submits that the government should disclose whether this person (and any others) may be called upon to testify about the out-of-court identification procedure, and whether the person may be called upon to perform an in-court identification. Defendant submits as to each of these persons, the Court order a hearing in accordance with <u>Neil v. Biggers</u>, 449 U.S. 188 (1972), on the issue of impermissibly suggestive pretrial identification procedures.

                                      DAVID A. RUHNKE, ESQ.
                                      CHARLES P. McGINTY, ESQ.
                                      Co-counsel for Harry Guzman

By:  /s/ Charles P. McGinty

     Charles P. McGinty
       B.B.O. #333480
     Federal Defender Office
     408 Atlantic Avenue, 3rd Floor
     Boston, MA 02110
     Tel: 617-223-8061

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 18, 2006.

                                        /s/ Charles P. McGinty

                                        Charles P. McGinty