```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
         v.                  )
                             )      Criminal No. 04-10186-JLT
                             )
HARRY GUZMAN                 )
```

**GOVERNMENT'S MOTION TO RECONSIDER IN LIMINE RULING**

The government respectfully moves this Court to reconsider its ruling with respect to the first prong of the defendant's Motion in Limine. Specifically, the government asks that this Court reconsider whether the government may introduce evidence of a juice container containing gasoline that was recovered from the garbage outside 197 West Street on June 9, 2003. While this container is evidence of the fire charged in Count 2, which has been severed from the trial of the April 3, 2003 fire charged in Count 1, the container independently is evidence of the fire charged in Count 1. Accordingly, the government respectfully requests that this Court reconsider so much of its ruling as applies to the juice container containing gasoline and rule that said container is admissible at the trial of Count 1.

**BACKGROUND**

As the Court is aware, Count 1 charges the defendant with fire that destroyed much of the building known as 48-50 Manchester Street, resulting in the deaths of a young mother and her two-month-old baby who lived in one of the third-floor apartments.

Part of the evidence against the defendant is an oral statement he made to ATF agents on November 12, 2003, when he was being held at Middleton on other charges.  The defendant told the agents, in substance and among other things, that he was sleeping in a car parked next to 197 West Street the night of the fire, which is the building in which his girlfriend resided and which is right around the corner from 48-50 Manchester Street.  About 30 minutes before the fire started, a 16-year-old male approached him and the two shared a "blunt," or marijuana cigar.  This person told the defendant that a Hispanic male named "Chapo" had sold him some bad drugs, and suggested that they "torch" Chapo.  The defendant gave this person a sheet and a plastic juice container with gasoline in it, and they went to Chapo's building, located next to 48-50 Manchester Street, where the other person tried to start a fire but was unsuccessful.  This person then, with the defendant as lookout, went to 48-50 Manchester Street, went up the rear exterior stairs to the third-story porch, retreated down to the second floor, poured gasoline on the sheet, lit it on fire, and ran with the defendant away from the building.  In short, the defendant told investigators that he aided and abetted the April 3 fire by providing the accelerant and serving as a lookout.

This was the third in a series of what ultimately proved to be nine fires that occurred in the immediate neighborhood of 197 West Street.  The defendant became a suspect in the setting of the

fires, and investigators soon put up video surveillance of the front of 197 West Street. Ultimately, by June 9, there were three cameras that focused on the front of 197 West Street and one that was focused on the rear area of the building from a neighboring building. On the night of June 8, 2003 going into the early morning of June 9, 2003, there were also investigators watching 197 West Street.

Early that morning, the defendant left 197 West Street holding something. Investigators attempted to follow the defendant but lost him. They almost immediately smelled smoke and found that a fire had been set in the rear of a building located on Washington Street. The defendant, meanwhile, returned to 197 West Street and concealed an item in the trash. He then stood in the rear of 197 West Street, looking toward the area where the fire had been started. He ran inside 197 West Street when investigators approached the building and was found in a bed in an apartment on the third floor. While he claimed to have been there for some time, the tenant told the police the defendant had come to the apartment shortly before the investigators arrived. The investigators obtained a search warrant and, among other things, recovered from the trash area outside the building a juice container containing gasoline.[1]

---

[1] The defendant filed his motion in limine seeking to exclude evidence of the fire charged in Count 2, together with three other motions, on the morning of September 18, 2003. The undersigned

**ARGUMENT**

The juice container, while obviously highly probative of the defendant's involvement in the fire charged in Count 2, is also important evidence of the defendant's involvement in the fatal fire charged in Count 1.  The defendant, in his statement to the ATF agents on November 12 regarding the fatal fire, told the investigators that he had a juice container with gasoline in it in the car outside 197 West Street the night of the fatal fire, and that it was this container that he provided for use in setting that fire.  Evidence that the defendant in fact had a juice container with gasoline in it at that same location, 197 West Street, just two months later is highly corroborative of the defendant's statement to the agents regarding the fatal fire and hence is independently admissible with respect to that fire.

This evidence could be introduced, moreover, without introducing evidence that there was a fire on June 9.  While the jurors would know that the defendant was the subject of surveillance, they would not know that the surveillance concerned other fires.  In general, the jury would simply know that the

---

Assistant U.S. Attorney ("AUSA") was in Lawrence that morning and became aware of the motions only as he was arriving in court for the pretrial conference.  At that time, with respect to this prong of the motion in limine, the AUSA indicated that he had apprised defense counsel of the government's intention to introduce evidence of the recovery of the juice container, but that at that time the AUSA was having difficulty articulating how that evidence could be introduced without introducing evidence regarding the June 9 fire. Set forth below is how that can be accomplished.

defendant left 197 West Street early on June 9; that when he returned a short while later he concealed what he was carrying in the trash area; and that investigators recovered from that trash area a juice container containing gasoline.

This evidence accordingly is not subject to the strictures of Fed. R. Evid. 404(b). When evidence is direct evidence of the crime charged, Rule 404(b) is not implicated at all. See United states v. Arboleda, 929 F.2d 858, 866 (1st Cir. 1991); United States v. Tejeda, 886 F.2d 483, 486-87 (1st cir. 1989). Here, the evidence would be introduced to show the jury that, in fact, the defendant did have access to and possession of a juice container with gasoline.

Moreover, even if Rule 404(b) were somehow implicated, the gasoline container would still be admissible. Rule 404(b) provides, in pertinent part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident..." Fed. R. Evid. 404(b). The rule is to be interpreted broadly. See United States v. Fields, 871 F.2d 188, 196 (1st cir. 1989)("'the range of relevancy outside the ban is almost infinite; and further, . . . the purposes are not mutually exclusive for the particular line of proof may fall within

several of them'"), quoting McCormick, Evidence § 190, at 448 (Cleary, ed. 1992).

The First Circuit recognizes a two-step process for determining the admissibility of evidence under Rule 404(b). United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996). First, this Court must determine whether the evidence offered is probative of, i.e., has "special relevance" to, a material issue other than character. Id.; see also United States v. Williams, 985 F.2d 634, 637 (1st Cir. 1993)(trial court must first determine whether evidence has any "special relevance" to material issue). If the evidence does have special relevance, this Court must conduct an analysis under Fed. R. Evid. 403 to determine whether the probative value of the proffered evidence is "substantially outweighed by the danger of unfair prejudice." Huddleston v. United States, 485 U.S. 681, 687 (1988); see United States v. Ferrer-Cruz, 899 F.2d 135, 138 (1st Cir. 1990)("similar act" evidence survives Rule 404(b)'s absolute ban against "bad character" evidence where at least one permissible inference possible); United States v. Mazza, 792 F.2d 1210, 1222 (1st Cir. 1986)(where "prior act" evidence proves relevant to legitimate issue, such evidence admissible subject only to balancing test of Rule 403).

This does not mean, of course, that evidence should be excluded under Rule 403 simply because it is prejudicial. All

evidence, if it is relevant, is in some sense "prejudicial"; Rule 403, however, is concerned only with "unfair prejudice," which is limited to evidence that carries a genuine risk "that the emotions of the jury will be excited to irrational behavior, and that the risk is disproportionate to the probative value of the evidence." United States v. Fahey, 769 F.2d 829, 849 (1st Cir. 1985), quoting United States v. Zeuli, 725 F.2d 813, 817 (1st Cir. 1984)); cf. United States v. Guyon, 27 F.3d 723, 729 (1st Cir. 1984)("We agree that this evidence, like most evidence offered against a defendant, is prejudicial. . . . [T]he question is whether the probative value of the evidence was substantially outweighed by the danger of undue prejudice").

    Here, the evidence is highly relevant, because it shows that the defendant, consistent with his statement to the ATF agents regarding the source of the gasoline used to start the fatal fire, did have a juice container that he used to hold gasoline.  This evidence, moreover, does not suffer from undue prejudice.  It is not a crime to have a juice container with gasoline in it.  As outlined above, the fact that he had such a container on June 9 can be introduced without introducing evidence that he used it to start the fire charged in Count 2.

    In sum, evidence of the juice container is not 404(b) evidence at all, because it is direct evidence of the charged crime.  Even if it were 404(b) evidence, it has "special relevance" to the trial

7

of Count 1 for the reasons set forth above.  Either way, because there is nothing wrong in general in possessing a juice container with gasoline, the probative value of the evidence is not substantially outweighed by the danger of undue prejudice, and thus Rule 403 does not bar its admission.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:  /s/Robert E. Richardson
ROBERT E. RICHARDSON
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

    This is to certify that I have this day caused a copy of the foregoing document to be served by Electronic filing on counsel for Harry Guzman.

/s/Robert E. Richardson
ROBERT E. RICHARDSON
