**FEDERAL DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
408 ATLANTIC AVENUE, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: 617-223-8061
FAX: 617-223-8080

September 1, 2006

Robert E. Richardson, Esq.
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210

Re:  U.S. v. Harry Guzman
     Criminal No. 04-10186-JLT

Dear Rob,

1.  I asked in my March 30, 2006 letter whether any polygraphs had been administered to any persons in the investigation.  See, e.g.,  HG144.  I do not believe you have replied.  As well, have any persons been found deceptive or having indications of deception?

2.  Can you provide a copy of the diagram of the third floor of 48-50 Manchester St., which was disclosed by Lt. Bongiorno at the Daubert hearing?

3.  Have all promises and inducements been provided for each witness?

4.  Can you provide a larger and clearer version of the photograph and notations on HG1004?

5.  Do you intend to offer any 404(b) material?

6.  Do you intend to use any transcripts at trial, and if so, can you provide copies?

7.  Can you provide copies of convictions relating to the witnesses you intend to offer?

8.  Please provide all information about whether any law-enforcement agent participating in the investigation or trial of this case has been the subject of an investigation for disciplinary action or criminal prosecution, or was the subject of disciplinary action or criminal prosecution, any of which were for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violation of rights of a criminal suspect or defendant.  See United States v. Garrett, 542 F.2d 23 (6th Cir. 1976) (error to foreclose discovery of undercover agent's disciplinary records relating to his use of narcotics and failure to submit to urinalysis); United States v. Brooks, 966 F.2d 1500, 1503 (D.C.C. 1992)(government's duty to produce exculpatory material extended to local police

FEDERAL DEFENDER OFFICE

department's homicide and Internal Affairs Division files); <u>United States v. Henthorn</u>, 931 F.2d 29, 31 (9th Cir. 1990)(government's failure to examine personnel files upon a defendant's request for production of exculpatory material was reversible error).

     9.  Can you proved the tape recording described in HG1008-1011.

     10.  Do you have any other statements or personal information pertaining to Adolfo Florintino, aka "Mexican," aside from HG979-80?  If HG979-80 is a transcript, may we have the complete tape?

     Thank you.

                      Very truly yours,

                      /s/ Charles P. McGinty
                      Charles P. McGinty