# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10186-JLT |
| | ) | |
| HARRY GUZMAN | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby submits its requests

for jury instructions in the above-captioned action.  The government respectfully reserves the

right to supplement, modify, or withdraw these instructions in light of the defendant's proposed

jury instructions and/or developments at trial..


Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:     /S/Robert E. Richardson
        ROBERT E. RICHARDSON
        Assistant U.S. Attorney
        (617) 748-3247

**PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT**

As you know, this is a criminal case in which the United States has charged the defendant with committing a crime.  Like every criminal case, the defendant is presumed by law to be innocent.  This presumption of innocence stays with the defendant throughout the course of the trial.  It can be overcome only when the United States introduces during the trial competent evidence that satisfies its burden of convincing you beyond a reasonable doubt with respect to every element of the offense.

The United States has the burden of proving to you, beyond a reasonable doubt, that the defendant is guilty of the crime charged.  This burden of proof rests on the United States and never shifts to the defendant.  The defendant is not required to prove anything to you or to present any evidence at all.  If the United States fails to meet its burden of proof as to the defendant, then you must acquit the defendant.  If, however, the government does meet its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find the defendant guilty.  Proof beyond a reasonable doubt is a phrase often used but difficult to define. It is proof that leaves you firmly convinced that the defendant is guilty.  A reasonable doubt is not doubt in the mind of a juror who is looking for doubt or who is looking for a reason to acquit a defendant.  It is doubt in the mind of a reasonable juror who is earnestly seeking the truth.  As the words themselves imply, it is doubt based on reason and common sense.

**PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT**

Reasonable doubt is not doubt beyond all possibility of doubt, beyond every conceivable doubt, or beyond a shadow of a doubt.  The United States is not required to prove the charges to an absolute or mathematical certainty since there are few things in this world that we can know with absolute certainty.  Thus, the law does not require that the United States prove its case to the same degree of certainty that you all have when you add two plus two and get four.  As I stated earlier, proof beyond a reasonable doubt is proof that leaves you, as reasonable persons, firmly convinced of a defendant's guilt.

Pattern Criminal Jury Instructions,  §S21, Federal Judicial Center (1982); United States v. DeVincent, 632 F.2d 147, 152-153 and n.7 (1st Cir.), cert. denied, 449 U.S. 986 (1980)(reasonable doubt); United States v. Gibson, 726 F.2d 869, 873-874 (1st Cir.), cert. denied, 466 U.S. 960 (1984);  United States v. Munson, 819 F.2d 337, 345-346 (1st Cir. 1987) United States v. Olmstead, 832 F.2d 642, 644-646 (1st Cir. 1987), cert. denied, 486 U.S. 1009 (1988); United States v. Jorge, 865 F.2d 6, 10-11 (1st Cir. 1989); United States v. Campbell, 874 F.2d 838, 841-843 (1st Cir. 1989).

**FUNCTION OF THE JURY**

The function of you as jurors is to determine the facts. You are the sole and exclusive judges of the facts. You alone decide the weight, the effect and the value of the evidence. You also decide the credibility -- that is, the believability -- of the witnesses. Once you determine the facts, it is your duty to apply those facts to the law as I explain it to you to decide whether the defendant is guilty or not guilty of the charge that the United States has brought against him.

You must determine the facts without prejudice, without fear, without favor, solely from a fair consideration of the evidence. Once you let fear or favor or prejudice or bias or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict. In the same vein, you may not consider any personal feelings you may have about the race, religion, national origin, sex or age of the defendant or any witness who testified during the trial.

You are not to decide the case based on what you have heard or read outside the courtroom or according to any guesswork or speculation. You cannot speculate or guess what might or might not have happened nor can you allow yourselves to be influenced by your view of the nature of the crime with which the defendant has been charged or the consequences of your verdict. Instead, you must confine your deliberations to the evidence and nothing but the evidence.

See Devitt and Blackmar, Federal Jury Practice and Instructions, § 15.01 (3d ed. 1977 and 1990 cum. supp.).

**DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES**

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that's been presented during the course of this trial. That is the power to draw inferences.

To set the stage for discussing inferences, let me tell you that there are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is evidence of what a witness sees, hears, touches, or in some other way perceives with one of his or her senses. Circumstantial evidence exists where a witness does not testify directly about the fact that is to be proved, but you are presented with evidence of other facts and asked to draw reasonable inferences from them about the fact which is to be proved.

What do I mean by an inference? Let me begin, first of all, with an abstract or theoretical definition of an inference. An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Drawing inferences is something you do every day. Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses – you must use

## DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

your collective and general knowledge to determine whether that element has been established

by inferences reasonably drawn from other evidence.  Any inference which you draw from such

facts must be a reasonable and natural one and not merely conjecture or guesswork.

Circumstantial evidence alone may be sufficient to convict a defendant if it persuades

you beyond a reasonable doubt that the defendant is guilty of the offense alleged in the

Indictment.

United States v. Clifford, 979 F.2d 896 (1st Cir. 1992); United States v . Wight, 968 F.2d 1393,
1395 (1st Cir. 1992); United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

## <u>CREDIBILITY OF WITNESSES</u>

In performing your role as jurors, your function, ladies and gentlemen, is to evaluate the exhibits that have been introduced and to determine and judge the credibility of the witnesses' testimony. What do I mean by credibility? That is simply another word for "believability." It is your function and your function alone to determine the believability of the witnesses who came forward and testified. You are free to decide that you believe all of what a witness told you, none of what a witness told you, or some of what a witness told you. You're free to do that in accordance with your collective judgment as to the believability of what it was that the witness told you while on the witness stand.

Now, how do you go about making this critically important judgment about the believability of what the witnesses told you while they were testifying? Having raised the question, I tell you that I cannot -- indeed, nobody can -- tell you all of the ways that you go about making this important judgment about credibility. I can suggest to you, however, some of the things that you should consider in making that judgment. You should consider, for example, the conduct and demeanor of the witness while testifying, the frankness or lack of frankness that the witness showed while testifying, the reasonableness or the unreasonableness of the testimony itself, the probability or improbability of that testimony, the opportunity or lack of opportunity that the witness had to see and know the facts about which he or she was testifying, the accuracy of the witness's recollection, the degree of intelligence shown by the witness, and whether the

## <u>CREDIBILITY OF WITNESSES</u>

witness has attempted to fill in gaps in his or her memory of events with information he or she

obtained after the event.  You may also consider whether the witness has a motive for testifying

and, of course, the interest or lack of interest that the witness may have in the outcome of the

case.  You should take into consideration the character and the appearance of the witness at trial

and any bias he or she has shown in his or her testimony.  The list is not exhaustive.  It is, rather,

a list of examples of the things you may take into account and should take into account in

making that judgment.

<u>United states v. Hardy</u>, No. 91-10180-K, charge to the Jury (D. Mass. Nov, 13, 1991) (Keeton, J.).

## **CREDIBILITY OF WITNESSES - PRIOR INCONSISTENT STATEMENTS**

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial. You should keep in mind, of course, that a simple mistake or inadvertent omission by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement or omission, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

Pattern Jury Instructions - Criminal Cases, §6.1, District Judges Association, Eleventh Circuit (1985).

9

## **EXPERT WITNESSES**

You have heard testimony from persons described as experts.  Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert testimony should be considered just like any other testimony.  You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability or the methods used, and all the other evidence in the case.

Devitt and Blackmar, Federal Jury Practice and Instructions, §15.22 (3rd ed. 1977) (modified).

## **STATEMENTS BY THE DEFENDANT**

You have heard evidence that the defendant made statements in which the government claims he admitted certain facts.  It is for you to decide (1) whether the defendant made a given statement, and (2) if so, how much weight to give it.  In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made.

Pattern Criminal Jury Instructions for the District Courts of the First Circuit, §2.11.

## **STIPULATIONS OF FACT**

During the presentation of evidence, a stipulation between the government and the defendants was read to you.  This means simply that both sides accept as fact the proposition stated in the stipulation.  In other words, there is no disagreement as to that fact and you must accept it as fact.

See Federal Judicial Center, Pattern Criminal Jury Instructions, 12 (1988).

## **PUNISHMENT**

The punishment provided by law for the offense charged in the indictment is a matter solely for the judge to decide.  The jury should make its decision as to whether a defendant is guilty or not guilty solely on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions (Criminal Cases) 21 (1979); Devitt and Blackmar, Federal Jury Practice and Instructions, § 18.02 (3d ed. Supp. 1982).

## **"ON OR ABOUT"**

You will note that the indictment charges that the offense was committed "on or about" a certain date rather than "on" a certain date. The proof need not establish with certainty the exact dates of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on dates reasonably near the dates alleged.

---

1 Mod. fed. Jury Instructions, § 6.06, Instruction No. 6-17, p. 6-43; Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05 (3d ed. 1977); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

## <u>PROOF MAY BE DISJUNCTIVE</u>

To the extent the Indictment uses the conjunctive word "and," it is sufficient if the government proves the offense in the disjunctive, as if the word "or" had been used.

### DEFINITION OF "KNOWINGLY"

The word "knowingly," as that term is used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

## **THE INDICTMENT**

With these preliminary instructions in mind, I will now turn to the charges against the defendant in the Indictment.  An Indictment is not evidence.  It merely describes the charge made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.

The defendant has pleaded "not guilty" to the charge in the Indictment.  When a defendant pleads "not guilty," the government has to prove each of the things that is a part of the definition of an offense charged in the Indictment.  We commonly call the things the government has to prove as to a particular offense the "elements" of that offense.  The government has the burden of establishing each of these elements by proof beyond reasonable doubt.

The Indictment charges the defendant with violating Section 844(i) of Title 18 of the United States Code.

## ELEMENTS OF ARSON

The indictment charges the defendant with arson of a building and its contents used in or affecting interstate commerce and resulting in the deaths of two people in violation of Title 18 United States Code, Section 844(i), and aided and abetted the commission of that offense, in violation of Title 18, United States Code, Section 2. Specifically, it is alleged that on or about April 3, 2003, the defendant, did maliciously damage and destroy and attempt to damage and destroy by means of fire a building and other real and personal property located at 48-50 Manchester Street, Lawrence, MA, used in interstate commerce and in activities affecting interstate commerce, resulting in the death of two persons: Matilda Medina and Angelic Duran.

To find the defendant guilty of arson resulting in death, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the defendant damaged or destroyed or attempted to damage or destroy a building or other real or personal property by means of fire;

Second, that the property was used in or affecting interstate commerce;

Third, that the defendant acted maliciously; and

Fourth, that the fire resulted in the death of one or more persons.

If you find that the government has proven each of these four elements beyond a reasonable doubt, you must find the defendant guilty of arson resulting in death.

18 U.S.C. §844(i); 2 L Sand, et al., Modern Federal Jury Instructions Instr. No. 30-2 (2001); United States v. Ruiz, 105 F.3d 1492, 1499 (1st Cir. 1997).

## DESTRUCTION OF PROPERTY BY MEANS OF FIRE

The first element of the offense charged in Count I which the government must prove beyond a reasonable doubt is that the defendant, by means of fire or explosive, damaged or destroyed, or attempted to damage or destroy property.

If you find, therefore, that the defendant, by means of fire, damaged or destroyed, or attempted to damage or destroy property, specifically, the real and personal property located at 48-50 Manchester Street, Lawrence, Massachusetts, the first element of the offense is satisfied.

2 L Sand, et al., <u>Modern Federal Jury Instructions</u> Instr. No. 30-3 (2001).

## **PROPERTY USED IN OR AFFECTING COMMERCE**

The second element of the offense which the government must prove beyond a reasonable doubt is that the property which was damaged or destroyed was property used in an activity affecting interstate commerce.

The term "used in an activity affecting interstate commerce" means active use of the property for commercial purposes and not a passive, passing or past connection to commerce.

The rental of real estate, including the rental of units within a multi-unit residential building, constitutes an "activity affecting interstate commerce" for purposes of this statute.  Accordingly, if the government proves beyond a reasonable doubt that 48-50 Manchester Street contained one or more units that were being rented at the time of the fire alleged in the indictment, then it has satisfied its burden of proof with respect to this element.

Jury Instructions, Eighth Circuit Criminal, §6.18.844i; Russell v. United States, 471 U.S. 858 (1985);  United States v. DiSanto, 86 F.3d 1238, 1247-48 & n. 7 (1st Cir. 1996), cert. denied, 520 U.S. 1105 (1997); United States v. Medeiros, 897 F.2d 13, 16 (1st Cir. 1990).

## MALICIOUS INTENT

The third element that you must consider is whether the defendant acted with malicious intent. To act with malicious intent means to act either intentionally or with willful disregard of the likelihood that damage will result, and not mistakenly or carelessly. In order to find the defendant guilty you must find that the defendant set the fire with intent to cause damage, or that he did so recklessly and without regard to the likelihood that damage would result.

2 L Sand, et al., <u>Modern Federal Jury Instructions</u> Instr. No. 30-5 (2001), <u>United States v. Gullett</u>, 75 F.3d 941, 948 (4th Cir.), <u>cert. denied</u>, 519 U.S. 847 (1996).

## MOTIVE

Proof of motive is not a necessary element of the crime with which the defendant is charged. Proof of motive does not establish guilt, nor does want of proof of motive establish that the defendant is innocent.

Adapted from 1 L Sand, et al., Modern Federal Jury Instructions Instr. No. 6-18 (2001);  Kevin F. O'Malley,  et al.,  Federal Jury Practice and Instructions, §17.06 (5th ed. 2000).

## RESULTING IN DEATH

The final element you must consider is whether the fire resulted in the death of any person. In this case, the government has alleged that the fire resulted in the deaths of two people: Matilda Medina and Angelic Duran. It is not necessary for these purposes that you find that the fire resulted in the deaths of both of these people. It is sufficient for the government to prove, beyond a reasonable doubt, that the fire resulted in the death of either of the named people.

18 U.S.C. § 844(i).

## AIDING AND ABETTING

The indictment in this case charges the defendant under both Title 18, United States Code, Section 844(i), and Title 18, United States Code, Section 2.  Section 2 is the so-called aiding and abetting statute.  To "aid and abet" means intentionally to help someone else commit the charged crime.  To establish aiding and abetting in this case, the government must prove beyond a reasonable doubt:

First, that someone other than the defendant committed the charged arson; and

Second, that the defendant consciously shared the other person's knowledge of the arson, intended to help the other person, and willfully took part in the endeavor, seeking to make it succeed.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done – that is to say with bad purpose, either to disobey or disregard the law.

Accordingly, to be guilty of the charged arson under an aiding and abetting theory, the defendant need not have committed the charged crime himself, been present when it was performed, or been aware of the details of its execution.  However, a general suspicion that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of the arson and knowledge that an arson was being committed are also not sufficient to establish aiding and abetting.

In short, the government need not prove that the defendant himself committed the arson charged in the indictment.  If you find, consistent with these instructions, that the government

has proved beyond a reasonable doubt that the defendant aided and abetted the commission of

the arson, then the government has proven the defendant guilty of the charged arson.

Pattern Jury Instructions for the District Courts of the First Circuit, § 4.18.02; United States v. Spinney, 65 F.3d 231, 234-35 (1st Cir. 1995); United States v. Loder, 23 F.3d 586, 590-91 (1st Cir. 1994); United States v. Geronimo, 330 F.3d 67, 75 (1st Cir. 2003).