UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
            v.                    )    CRIMINAL NO. 04-10186-JLT
                                  )
HARRY GUZMAN                      )

### DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

Defendant, Harry Guzman, hereby moves pursuant to the Sixth Amendment and F.R.Crim.P. 24 that the following questions be posed to prospective jurors as a supplement to the Court's general voir dire. Defendant reserves the right to modify or supplement this submission.

1.   As I have told you, this is a criminal case. The defendant is Harry Guzman. Mr. Guzman is charged with committing the crime of arson where the deaths of two people resulted. Mr. Guzman is not charged with deliberately intending to kill the victims of the fire, but it is alleged that he deliberately set a fire, or assisted another person in setting a fire, and the deaths of two people resulted. As I have informed you, Mr. Guzman is presumed innocent of these charges. The fire in question occurred in the early morning hours of April 3, 2004 in Lawrence. A woman and her infant daughter died as a result of the fire. Their names were Matilda Medina and her 2-month old daughter Angelic Medina. With the above description in mind, do any of you think you may

1

have read, heard or know anything about this crime?  Do any of you think you may have known the victims and/or members of their family?

2.    Is there anything about the nature of the charges in this particular case – the arson-related deaths of a mother and child – that in and of themselves, raises in any of you a doubt about your ability to serve fairly in a case of this nature?

3.    Have any of you, or any close friend or family member, ever experienced a fire in your home or place of business?

4.    Have you, or any member of your immediate family, or close friend, ever worked as a firefighter or, as an EMT, or ambulance corps member, or in any capacity that involves responding to a fire?

5.    Have you or any member of your immediate family, or close friend ever been involved in fire code enforcement or similar activity?

6.    Have you, or any close friend or family member, ever been the victim of a crime?

7.    Have you ever known anyone who was murdered or otherwise died as the result of a crime?

8.    Do any of you think that a person charged with a serious crime such as arson-murder must be guilty or the charges would not have been brought?

9.    Do any of you have a view at this point whether Mr.

2

Guzman is guilty or not of the crimes with which he is charged?

10.  How likely do you think it is that an innocent person would confess to a crime he did not truly commit.

11.  Have you ever heard of a situation where an innocent person confessed to a crime he did not truly commit?

12.  Can you think of any reason why an innocent person would confess to a crime he did not truly commit?

13.  I have been advised by the attorneys that as part of the evidence in this case you will learn that Mr. Guzman was in custody when certain events relevant to this case took place.  I instruct you now that Mr. Guzman was not in custody because he had been convicted of criminal acts but, instead, was awaiting trial and therefore presumed innocent.  Are there any among you who think you would have difficulty being fair to Mr. Guzman under these circumstances?

14.  Have you or any family member or close friend ever worked in law enforcement, including any local, county and state police forces or federal law enforcement agencies, or as a federal or state prosecutor, or as a probation, parole, or corrections officer, or have you ever applied for any similar position?

15.  Are you acquainted with anyone involved in law enforcement at any level?

16.  As a matter of your own personal opinion, do you believe that a member of law enforcement, such as a police officer or

federal agent, is: (1) More likely to tell the truth than other witnesses; (2) about as likely to tell the truth as other witnesses; or (3) less likely to tell the truth than other witnesses.

17. Do any of you believe that a member of law enforcement, such as a police officer or federal agent, would ever tell a deliberate lie in court, or even deliberately shade the truth, in order to secure a conviction?

18. Is there any reason at all that causes any of you to doubt your ability to serve as fair and impartial juror in this case?

19. Is there anything you wish to discuss privately that concerns your qualifications or ability to serve as a juror in this case?

Respectfully submitted,

DAVID A. RUHNKE, ESQ.
CHARLES P. McGINTY, ESQ.
Co-counsel for Harry Guzman

/s/ Charles P. McGinty
Charles P. McGinty
B.B.O. #333480
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Tel: 617-223-8061

/s/ David A. Ruhnke
David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, N.J. 07042
Tel: 973-744-1000

Filed via ECF: Boston, Massachusetts
                January 6, 2008

5