UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )   )   v. ) CRIMINAL NO. 04-10186-JLT   ) HARRY GUZMAN ) | |

MOTION TO EXAMINE JURY QUESTIONNAIRES BEFORE VOIR DIRE

Defendant respectfully moves this Court to grant counsel for all parties access to questionnaires that have been filled out by prospective jurors and returned to the Clerk's Office for the United States District Court.  This Court has permitted such an examination in United States v. Trent Miller, No. 06-10291-JLT.  Counsel wishes to review the questionnaires in advance of jury selection in this case, which will take place on January 14, 2008.

As this Court is aware, the juror questionnaires contain information that is clearly pertinent to the qualifications of the respondents to sit, and review of the information provided in advance of juror selection would aid all parties in the intelligent exercise of their peremptory challenges.  For example, the questionnaires contain information about a given juror's level of education, his or her degree of fluency in English, whether he or she holds public office or serves in the military, or has ever been convicted of a crime.  This information is not provided to the parties on the printed jury

sheets given to counsel in the courtroom moments before the panels appear for voir dire. Moreover, the usual scope of questioning of prospective jurors under current local practice does not in the normal course elicit the information referenced above. Yet this information is on hand and available to the Clerk of the Courts because it has been provided in the juror questionnaire. It has the most relevance and usefulness to the actual litigants, and by this motion undersigned counsel prays this court that defense and government opposing counsel be given access to this information.

Although the District of Massachusetts has no rule of court governing the handling of jury questionnaires, the United States District Court for the District of New Hampshire does have a pertinent local rule allowing the parties access to the jury questionnaires in advance of voir dire. The New Hampshire rule, Local Rule 47.1 of the Rules of the District Court provides as follows:

> The clerk's office shall maintain and <u>make available</u> a list of petit jurors currently serving, together with copies of completed questionnaire forms, <u>to attorneys and their agents and to pro se parties actually involved in cases scheduled for trial.</u>  Those persons shall not disclose information the jurors provide nor shall the questionnaires be photocopied or removed from the clerk's office.  The court may further limit the inspection of juror information for good cause. Violation of this rule may be treated a contempt of court.  (Emphasis added).

Counsel requests that this Court allow counsel to inspect the questionnaires submitted by the persons appearing on the panels to be assigned to this session for trial on January 14, 2008. In addition to this Court's ruling in <u>United States v. Trent Miller</u>, No. 06-10291-JLT, other courts have permitted access. Judge Zobel allowed access to juror questionnaires in <u>United States v. Joseph Palermo</u>, No. 06-10171-RWZ and in <u>United States v. Rey Velazquez</u>, No. 06-10060-RWZ. Judge Saris allowed the motion in <u>United States v. Trevor Charlton</u>, No. 04-10306-PBS. Judge Saylor allowed access in <u>United States v. Emad Muntasser et al</u>, No. 05-40026.

Accordingly, counsel request that the attorneys in this matter be allowed to inspect and examine the questionnaires on Friday, January 11, 2008.

                                     DAVID A. RUHNKE, ESQ.
                                     CHARLES P. McGINTY, ESQ.
                                     Co-counsel for Harry Guzman

By: /s/ Charles P. McGinty

         Charles P. McGinty
           B.B.O. #333480
         Federal Defender Office
         408 Atlantic Avenue, 3rd Floor
         Boston, MA 02110
         Tel: 617-223-8061

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 7, 2008.

                                     /s/ Charles P. McGinty

                                     Charles P. McGinty