# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | CRIMINAL NO. 04-10186-JLT |
| ) | |
| HARRY GUZMAN              ) | |

### AFFIDAVIT OF COUNSEL

The following is true to the best of my information and belief:

1. I am an Assistant Federal Defender. In my experience, juror questionnaires which are designed to identify racial bias are utilized routinely in this district.

2. In <u>United States v. David Seymour</u> which was tried in October 2005 before Tauro, J., the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. A significant percentage of the jurors (AFPD Catherine Byrne's memory is that the figure was close to 20%) indicated racial bias on their juror questionnaire.

3. In <u>United States v. Franklyn Liranzo</u> which was tried before Lindsay, J. in June 2002, the defendant was a dark skinned Hispanic male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire on racial bias. **Approximately 25% of the jurors** answered that they believed that black or Hispanic men are more likely than members of other races to commit crimes.

4. In <u>United States v. Dondi Willis</u> which was tried in October 2003 before Lasker, J., the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. **Approximately 20% of the jurors** answered that they believed that black or Hispanic men are more likely than members of other races to commit crimes.

5. In <u>United States v. Jean Brito</u> which was tried in January 2004 before Lindsay, J., the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. **Sixteen out of**

**fifty (Approximately 32%)** of the jurors indicated racial bias on their juror questionnaire.

6. In <u>United States v. Trevor Charlton</u> which was tried before Saris, J. in March 2006, the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire on racial bias. While the exact statistics are not known, numerous individuals were excluded as they indicated racial bias on the questionnaire.

7. In <u>United States v. Muhamed Mubayyid, et al.</u> which was tried in November and December of 2007 before Saylor, J., the defendants were three Arab, Muslim men and the charges were conspiracy to defraud the United States, scheme to conceal material facts, false statements and obstructing and impeding the Internal Revenue Service. Counsel requested and was granted a juror questionnaire on religious and racial bias. Of the one hundred jurors polled, eighteen indicated either racial or religious bias on their juror questionnaire **(18%)**.

8. In <u>United States v. Vincent Wadlington</u> which was tried on March 8, 2004 before Keeton, J., the defendant was a black man and the charges were Hobbs Act robbery of a convenience store in Brockton. Counsel requested a questionnaire on the issue of racial prejudice which was denied. Instead, the judge orally asked the questions of the venire. Of 49 potential jurors ultimately 7 stated they could not be fair in judging a black man (approximately 14%). The judge asked the requested questions three separate times during the voir dire. The first time, only two jurors came forward. A few more came forward the second time and more the third time. All seven were excused for cause.

9. My experience in this federal court and in Massachusetts State Courts is that potential jurors are unlikely to answer candidly when questioned as a group about racial prejudice. For example, in the case of <u>United States v. Shelton Lewis</u>, which was tried in March 2003, the court (Harrington, J.) inquired of the venire in open court "Does any member of this panel believe that black men are more likely than other races to commit crimes?" Not one person responded affirmatively.

10. The defendant in this case is a Hispanic male charged with arson resulting in the death of two persons, a mother and an infant.

11. My experience in the United States Federal District Court for this circuit is that the typical venire is over 95% White/Caucasian.

_____   _____
Charles P. McGinty                Date