**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA    )
    )
       v.    )    CRIMINAL NO. 04-10186-JLT
    )
HARRY GUZMAN    )

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION**
**FOR JUROR QUESTIONNAIRE**

The government respectfully submits herewith its response to the defendant's motion for a juror questionnaire in this case. The government does not object in principle to the defendant's proposed questionnaire insofar as it relates to potential ethnic bias.  The government does, however, object to certain details of the proposed questionnaire, as follows:

First, the government has no objection to the first proposed question.  The government does, however, object to the second question.  The proposed question reads, "Do you believe that Hispanic men are more likely than members of other races to commit crimes?"  The difficulty with the question as phrased is that a potential juror might believe that the crime rate is higher in certain communities for socio-economic reasons rather than because that juror believes that members of that community are inherently more likely to commit crimes.  Such a juror could be entirely capable of deciding this case based on the particular evidence and without regard to improper race-based considerations.  The first proposed question should be sufficient to identify any juror harboring ethnic bias in any event.  The

government thus objects to any additional question being posed at all.

In that regard, the government notes that, in his affidavit of counsel, counsel for the defendant identified several cases in which juror questionnaires have been used, one of which is <u>United States v. Trevor Charlton</u>, a case in which undersigned counsel represented the United States.  Counsel correctly indicates that the case was tried in March 2006.  However, because that trial resulted in a  hung jury, the case was retried beginning on December 3, 2007.  While a juror questionnaire was used in the December 2007 trial, undersigned counsel believes the court (Saris, J.) declined to include a question identical in substance to the defendant's second proposed question here.

In the alternative, the government proposes that the second question read as follows: "Do you believe that an Hispanic man is inherently more likely to commit a crime than a member of another ethnic group simply because he is Hispanic?"

The government also objects to the third proposed question being included in the questionnaire.  This question seeks to determine whether the fact that a mother and her infant died in the fire would impair the ability of a prospective juror to be impartial.  While the government has no objection to the question being posed as part of the regular jury voir dire, the rationale behind having a separate, written voir dire is to ferret out

potential ethnic bias that a juror might otherwise be reluctant to admit.  This proposed question does not relate to potential ethnic bias and thus should not be included as part of the written questionnaire.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /S/Robert E. Richardson
ROBERT E. RICHARDSON
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, Robert E. Richardson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 10, 2008.

/s/Robert E. Richardson
ROBERT E. RICHARDSON

3