```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
        v.                  )    CRIMINAL NO. 04-10186-JLT
                            )
HARRY GUZMAN                )
```

### GOVERNMENT'S SECOND MOTION IN LIMINE

The government hereby respectfully submits this Second Motion in Limine in light of the defendant's opening statement, in which he expressed an intention to offer a tape recording of Juan Cruz and the testimony of an individual named Javier Rodriguez. For the reasons that follow, the Court should preclude the defendant from adducing this evidence.

### ARGUMENT

### Juan Cruz Tape

The tape at issue is a recording that involves Juan Cruz and a confidential informant ("CI"). In the conversation, the CI purported to know somebody seeking to find an individual who could help him burn a building for insurance purposes. Cruz responded by saying he would do it. When asked if he had ever done this before, Cruz told the CI that he had set a fire on Springfield Street. When asked to describe this fire, Cruz told him:

> How I did it like? We did it in the night time. [CW: With gas?] Yeah, with gas and we poured it on the stairs on all the walls on everything. Then we lit it, and we took drank five beers, I mean we took some bottles and fil[l]ed them with gas and papers and we

      broke the windows and we threw them inside and it burned.

The Lawrence Fire Department has no record of a fire on Springfield Street set in this manner.  Instead, there were records of two fires that started differently: a fire that originated in a third-floor bedroom and a fire that originated in a first-floor bedroom.

Later in the conversation the CI asked Cruz whether he was the one who burned the house at issue in this case.  Cruz told him, "I didn't have anything to do with that."  Shortly thereafter, this conversation ensured:

| | |
|---|---|
| Cruz: | Na, yo, I didn't got, I was the suspect, but I got stop by the FBI. |
| CI: | That's what it was, the nigars that I knew they told me it was some dude name Juan that was involved.  So I was like damn if that was Juan I'm going to ask him. |
| Cruz: | They wanted me to do it but I didn't do it because you know two people died there. |
| CI: | Who died there? |
| Cruz: | A little kid a seven-month-old baby and the mother. |
| CI: | Yo, honestly straight up and down dog and God forgive me for saying this shit because I'm a man and I believe in all that shit dog.  But a nigar got to do what a nigar got to do dog. |
| Cruz: | Yeah. |
| CI: | And it sucks that a kid died nigar but yo, a nigar got to do what a nigar got to do dog.  That's how I think of it. |

    Cruz:    This nigar that did it, he didn't even get paid for it.

According to the defendant's opening statement, he seeks to introduce this recording to show: (1) that Cruz is an arsonist who had set a fire before (although when in time the fire he claimed to have set on Springfield Street occurred is not apparent from the tape); and (2) to show that, although he denied having participated in the fatal fire, "[t]hey wanted me to do it . . .."  None of this is admissible at this trial.

**<u>Springfield Street</u>**

The defendant's theory apparently is that Cruz's taped words regarding Springfield Street are admissible as statements against interest, under Fed. R. Evid. 804(b)(3).  That Rule provides that the following category of statements is not excluded by the hearsay rule:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.  A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Here, the defendant cannot overcome three problems with Cruz's claim to have set a fire on Springfield Street.  First, it

was not contrary to his penal or pecuniary interest at the time it was made: instead, it was a claim made to a person Cruz thought was soliciting an arson. To that extent, it was actually a claim made in furtherance of Cruz's pecuniary interest, not against it.

Second, the accused here – the defendant – is offering the statement, and it accordingly is not admissible "unless corroborating circumstances clearly indicate the trustworthiness of the statement." Here, there are no corroborating circumstances indicating the trustworthiness of Cruz's claim to have set a fire on Springfield Street. To the contrary, the two fires that did occur did not happen the way Cruz claims to have set this fire.

Third, admission of this Cruz claim regarding Springfield Street separately would violate Fed. R. Crim. P. 404(b). That Rule provides, <u>inter</u> <u>alia</u>:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

Here, the defendant seeks to introduce Cruz's claim regarding Springfield Street in order to do precisely that: to paint Cruz as an arsonist who set the fire on Manchester Street alone and without any involvement of the defendant. The Third Circuit dealt recently with an analogous situation in <u>United States v. Williams</u>, 458 F.3d 312 (3rd Cir. 2006), a case in which

4

the defendant, charged with being a felon in possession of a firearm, attempted to introduce evidence that a man with whom he had been arrested had previously been convicted of possessing a firearm.  In upholding the district court's decision to exclude this evidence, the Third Circuit stated: "We . . . reject [the defendant's] argument [that Rule 404(b) only operates to exclude prior bad acts of the defendant], and affirm that the prohibition against the introduction of bad acts evidence to show propensity applies regardless of whether the evidence is offered against the defendant or a third party."  Williams, 458 F.3d at 317-18 (citing, inter alia, United States v. Lucas, 357 F.3d 599, 605 (6th Cir. 2004), and United States v. McCourt, 925 F.2d 1229, 1235 (9th Cir. 1991)).

To be sure, in United States v. Gonzalez-Sanchez, 825 F.2d 572, 583 (1st Cir. 1987), the First Circuit stated that "Rule 404(b) does not exclude evidence of prior crimes of persons other than the defendant."  However, as the Ninth Circuit aptly pointed out in McCourt, a case in which it "conclude[d] that Rule 404(b) applies to third persons," 925 F.2d at 1236, in Gonzalea-Sanchez the *government* had offered the evidence at issue, and it was offered, not to show propensity on the part of a third party, but rather for a different, legitimate purpose under Rule 404(b).  McCourt, 925 F.2d at 1233.  Indeed, the First Circuit itself, while questioning whether the evidence fell within the ambit of

5

Rule 404(b) because it did not involve the defendant, noted that the evidence was probative of the defendant's intent. <u>Gonzalez-Sanchez</u>, 825 F.2d at 583. Given that the evidence was admissible in any event under Rule 404(b), the First Circuit's statement that Rule 404(b) does not exclude evidence of prior crimes of anyone other than a criminal defendant is dictum.

Indeed, it is not just dictum, but dictum that is wholly at odds with the plain language of Rule 404(b). Rule 404(b) provides, <u>inter alia</u>, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of *a person* in order to show action in conformity therewith." (Emphasis added). The Rule accordingly is not limited to criminal defendants, nor even to witnesses, but rather applies broadly to "any person." The <u>McCourt</u> court found this significant, particularly given that in other rules – specifically, in Rules 404(a)(1), 404(a)(2), 404(a)(3), 607, 608, and 609 – Congress demonstrated that it knew how to specify with precision the class of individuals – victim, defendant, witness – to whom a given provision applied. <u>McCourt</u>, 925 F.2d at 1231-32. Congress thus can be presumed to have meant what it said when it provided that the proscriptions of Rule 404(b) apply, not just to defendants, nor even just to witnesses, but rather to "any person," a description that clearly encompasses Juan Cruz. Because, as noted, the defendant seeks to offer the Springfield Street claim to paint Cruz as a person who

has a propensity to set fires, it is inadmissible.

Finally, the irony of the defendant's effort to introduce this claim should not be ignored. The defendant was charged by indictment with two counts of arson. This Court severed the two counts for trial. Permitting the defendant to introduce this Cruz claim without allowing the jury to hear the powerful evidence showing that the defendant himself committed another arson on another day would leave the jury with a distorted view of the facts.

**Cruz Statements Regarding Manchester Street**

The defendant also wants to introduce the Cruz tape to show that, while denying involvement in the fire, Cruz said "They wanted me to do it."

First, the government disagrees with the defendant's interpretation of this statement. Following on the heels of Cruz's statement that he had been a suspect and was stopped by the FBI, it appears far more likely that Cruz meant the "FBI" (in fact it was ATF) wanted to show he had been involved in the fire.

But even under the defendant's interpretation, which apparently is that some "they" had solicited him to set the fire, the tape is inadmissible. Instead, it is rank hearsay: it is an out-of-court statement – Cruz made it on tape years ago – offered for the truth of the matter asserted – that "[t]hey wanted [Cruz] to do it." It is not a statement against Cruz's penal interest,

because (a) he claims he did not participate in the fire, and (b) it is not a crime to be solicited to do something one did not do (or at least claims not to have done). Moreover, there again are no "corroborating circumstances clearly indicat[ing] the trustworthiness of the statement," as required under Rule 804(b)(3).

Accordingly, this portion of the tape is also inadmissible.

**Javier Rodriguez**

The defendant also is seeking to obtain the testimony of Javier Rodriguez, who told authorities he heard Juan Cruz talking to a person named Richard Torres[1] in a park shortly after the Manchester Street fire and making admissions that he had been involved in setting it. Torres, however, also was located and interviewed and provided the full context of the conversation with Cruz. In substance, Torres said that a state trooper had been handing out arson reward flyers in the park, and he (Torres) had said to Cruz, "I'm going to snitch you niggers out." The person he knew as Juan responded, in substance, "Yeah, I burned that house," and then proceeded to say "I'm going to burn that house and that house and that house." Torres said that he meant his initial comment as a joke, that he had no previous knowledge of any involvement by Juan in setting the fire, and that he did not take Juan's comments seriously.

---

[1] Rodriguez knew Torres by his nickname, not by name.

Accordingly, the proffered testimony of Rodriguez again is inadmissible: it is being offered to exculpate the accused and does not, as Rule 804(b)(3) requires, carry "corroborating circumstances clearly indicat[ing] the trustworthiness of the statement." Quite to the contrary, the individual actually involved in the conversation with Cruz understood him to be joking.

## CONCLUSION

For the foregoing reasons, the taped conversation of Juan Cruz and the testimony of Javier Rodriguez should be excluded from the trial of this case.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: /s/Robert E. Richardson
>Robert E. Richardson
>Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

This is to certify that I have this day, January 18, 2008, caused a copy of the foregoing document to be served by Electronic filing on counsel for Harry Guzman.

>/s/Robert E. Richardson
>ROBERT E. RICHARDSON

9