UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10186-JLT |
| ) | |
| HARRY GUZMAN ) | |

<u>DEFENDANT'S WRITTEN OBJECTION AND OFFER OF PROOF</u>

Defendant Harry Guzman submits this written objection to the ruling of this Court, made during cross examination of government witness Juan Ramos on January 18, 2008, which barred questions directed at Ramos' knowledge of the contents of discovery materials provided to Guzman and kept in his cell. The Court denied defense counsel's request for a sidebar to make a detailed objection.

During direct testimony, Juan Ramos testified to details of a jail house confession purportedly made by Guzman. A critical question was how Ramos would have learned of these details, except from Guzman himself. During cross examination on January 18, 2008, Ramos admitted that Guzman took discovery materials to his cell after his meetings with his lawyers, that Guzman discussed the contents of some of these materials with Ramos, and that Guzman stored these discovery materials under his cell bed. Defense counsel next sought to show that salient details of the purported confession were set forth in discovery provided by the

government, and that Ramos either learned of the content of the discovery from Guzman or read it from discovery documents stored by Guzman under his cell bed. Defense counsel asked specific questions, among other things, about a transcript of a recording of Juan Cruz, a person known to Ramos, regarding his prior arsons and regarding being solicited to set the fatal fire. The Court sustained objections by the government, which barred these and other questions.

The questions were intended to show, among other things, how Ramos would have known the detailed information which he claimed Guzman confessed to by a means other than a jailhouse confession. Specific details and their source in the discovery materials included the following:

> –that Juan Cruz had argued with the victim the day before the fire. This detail is described in ATF Reports of Investigation of Agent Balos on June 20 and 23, 2003, regarding an interview of Luis Vargas;
>
> –that Cruz had taken a cab to West Street shortly before the fire. This detail is set out in the report of interview of Juan Cruz, dated August 6, 2003, where "Cruz was informed that taxi records for the night of the fatal fire show he was dropped off at 197 West Street prior to the fire." HG158. Further information is found in the written interview of the taxi driver (Interview notes by Agent Welch, April 17, 2003 (HG746) along with records of the taxi witnesses.
>
> –that the fire was set in the rear of the burned building. This detail is set out in the interviews of Pedro Garcia, including on March 9, 2003, as well as in the Cause and Origin report of Lawrence Fire expert Sebastian Bongiorno.
>
> –that there were car parts at the rear of the burned building. This detail was found in fire scene photographs,

>Bongiorno's report and reports of interview of two witnesses, including one which reported "kids about 16 to 17 years old were arguing about their cars that they were working on out back." Interview by Tpr. Welch, April 3, 2003 (HG137).
>
>-that the fire was set due to a dispute over drug money. This detail was set forth in the ATF Report of Investigation, describing a custodial interview of Harry Guzman on November 12, 2003, where Guzman allegedly told agents that Cruz was upset over being shorted in a drug sale.

Each of the details in Ramos' testimony was rooted in discovery. In posing questions to Ramos, defense counsel was not seeking to admit Ramos' answers for their truth, but instead to show how Ramos would have learned details of the case against Guzman.

For these reasons, defendant submits that he is entitled to show that Ramos had a means other than a confession by Guzman to learn the details in the purported confession. In the absence of a stipulation from the government that details of Ramos' statement were found in the discovery, defendant submits the Court should order Ramos recalled.

>DAVID A. RUHNKE, ESQ.
>CHARLES P. McGINTY, ESQ.
>Co-counsel for Harry Guzman
>
>By:  /s/ Charles P. McGinty
>
>Charles P. McGinty
>B.B.O. #333480
>Federal Defender Office
>408 Atlantic Avenue, 3rd Floor
>Boston, MA 02110
>Tel: 617-223-8061

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 22, 2008.

                                       /s/ Charles P. McGinty
                                       Charles P. McGinty