UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10186-JLT |
| | ) | |
| HARRY GUZMAN | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Harry Guzman, hereby submits the attached proposed jury instructions.

Defendant reserves the right to supplement these instructions as necessary.

DAVID A. RUHNKE, ESQ.
CHARLES P. McGINTY, ESQ.
Co-counsel for Harry Guzman

By:  /s/ Charles P. McGinty

Charles P. McGinty
B.B.O. #333480
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 22, 2008.

/s/ Charles P. McGinty

Charles P. McGinty

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

Presumption of Innocence

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent. The presumption is not a mere formality. It is a matter of the most important substance.

An indictment is nothing more than an accusation. It is not evidence. All it does is bring the charges before you, the jury, for your consideration and determination. You are not to consider the fact that an indictment has been brought as bearing in any way on the guilt or non-guilt of the defendant. A defendant, although accused, begins the trial with a clean slate, with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant.

So the presumption of innocence alone is sufficient to acquit this defendant unless you are satisfied beyond a reasonable doubt of his guilt after a careful and impartial consideration of all the evidence in the case.

The presumption of innocence means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the

reasonable inferences to be drawn from that evidence.  This defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of the crime charged.

As I have said, the burden is upon the government to prove beyond a reasonable doubt that the defendant is guilty of the charge made against him.  It is a strict and heavy burden, but it does not mean that his guilt must be proved beyond all possible doubt.  It does require that the evidence exclude any reasonable doubt concerning his guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence or because you do not accept the evidence that was offered.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions - one that a defendant is guilty as charged, the other that the defendant is not guilty - you will find that defendant not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true.  That is not enough to meet the

burden of proof beyond a reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

I instruct you that what the government must do to meet its heavy burden is to establish the truth of each part of the offense charged by proof that convinces you and leaves you with no reasonable doubt and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find, you will return a verdict of guilty.  If you think there is a reasonable doubt about whether defendant is guilty of the offense, you must give him the benefit of the doubt and find him not guilty.

Adapted from: First Circuit Pattern Instruction 3.02; United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997)(approving charge given by Judge Keeton); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Fifth Ed., vol.1A, § 12.10.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

Proof Beyond a Reasonable Doubt

The burden is upon the Government to prove beyond a reasonable doubt that the defendant are guilty of the charge made against him.  It is a strict and heavy burden, but it does not mean that defendant's guilt must be proved beyond all possible doubt.  Proof beyond a reasonable doubt is the highest standard of proof known to the law.  It requires that the evidence exclude any reasonable doubt concerning the defendant's guilt.  It means that you – the jurors – may not convict defendant unless and until you have reached a subjective state of near certitude that he is guilty.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions — one that a defendant is guilty as charged, the other that the defendant is not guilty — you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true.  That is not enough to meet the

burden of proof beyond reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of the offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it.  If you so find as to a particular charge, you will return a verdict of guilty on that charge.  If, on the other hand, you think there is a reasonable doubt about whether defendant is guilty, you must give the defendant the benefit of the doubt and find that defendant not guilty.

Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 2787 (1979); Sandoval v. Kentucky, 114 S.Ct. 1239, 1246 (1994); United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3</u>

Indictment is not Evidence

I instruct you that an indictment is <u>not</u> evidence.  It merely describes the charge made against defendant.  It is only an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.  A defendant is presumed innocent and may not be found guilty by you unless all of you – the trial jurors unanimously find that the government has proven his guilt beyond a reasonable doubt.

Pattern Criminal Jury Instructions for District Courts, 1.02; See Vol. 1A, K. O'Malley, J. Grenig &W. Lee, Federal Jury Practice and Instructions, Sec. 13.04 (5th ed. 2000). <u>United States v. Garcia</u>, 562 F.2d 411 (7th Cir. 1977); <u>Brandon v. United States</u>, 431 F.2d 1931 (7th Cir.), <u>cert</u>. <u>denied</u>, 400 U.S. 1022 (1971).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

Defendant Did Not Testify

Mr. Guzman did not testify at trial.  A defendant has an absolute right not to testify, since the entire burden of proof in this case is on the government to prove that the defendant is guilty.  No inference of guilt, or anything else, may be drawn from the fact that a defendant did not testify.  It is not up to the defendant to prove that he is innocent.

Under our system of law, a defendant has a perfect right to say to the government, "You have the burden of proving your case against me beyond a reasonable doubt.  I do not have to say a word."

The fact that the defendant did not testify has nothing to do with the question of whether he is guilty or not guilty.  So you are not to consider it any way, or even discuss it in your deliberations.  You must determine whether the government has proved its case against the defendant based solely on the testimony of the witnesses who did testify and the exhibits that were introduced.

Carter v. Kentucky, 450 U.S. 288, 299-303 (1981); Bruno v. United States, 303 U.S. 287, 293-94.  See also United States v. Ladd, 877 F.2d 1083, 1089 (1st Cir. 1989).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

Improper Considerations:  Race or Ethnicity

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race or ethnicity.  All persons are entitled to the presumption of innocence and the government has the same burden of proof, as I have discussed with you.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

Authority

Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).
United States v. Bell, 506 F.2d 207 (D.C. Cir. 1974); Carter v. United States, 427 F.2d 619 (D.C. Cir. 1970).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

Credibility of Witnesses

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Instructions, §§ 1.06, 3.06.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

Law Enforcement Witnesses

You have heard the testimony of a number of law enforcement officials.  The fact that a witness may be employed by the federal or state government as a law enforcement official does not mean that his testimony is deserving of more or less consideration or greater or less weight than that of an ordinary witness.  You should consider the same questions of bias, stake in the outcome, behavior while testifying, strength of recollection, experience and logical soundness that you consider with any other witness.

Indeed, it is quite legitimate for defense counsel to question the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

See generally Sand, Modern Federal Jury Instructions, Instr. 7-16 at 7.01.

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8</u>

Weighing the Testimony of an Expert Witness

You have heard testimony from a person, Sebastian Bongiorno, described as an expert.  An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

First Circuit Pattern Jury Instructions § 2.06 (1998).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9

Caution as to Cooperating Witness

You have heard the testimony of Juan Ramos.  He provided evidence under an agreement with the government, and received money from the government in exchange for providing information.

Some people in this position are entirely truthful when testifying.  Still, you should consider the testimony of such an individual with particular caution.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom, or the freedom of another person, by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with great care and you should act on it with caution.  You may give it such weight, if any, as you believe it deserves.

Adapted from First Circuit Jury Instructions, 2.07; Modern Federal Jury Instructions, Inst. 7-8.  See United States v. Hernandez, 109 F.3d 13, 17 (1st Cir. 1997) (approving "with greater caution" or "with caution"); United States v. Brown, 938 F.2d 1482, 1486 (1st Cir.) (referring to the standard accomplice instruction as "with caution and great care").

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10

Impeachment of Witness Testimony by Prior Conviction

You have heard evidence that government witness Juan Ramos has been convicted of a crime.  You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to his testimony.

First Circuit Pattern Instructions, § 2.03.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11

Prior Inconsistent Statements

You have heard evidence that several witnesses, including Luisito Rivera and Pedro Garcia, made statements at other times which were not consistent with their trial testimony.  You may consider these inconsistent statements to help you decide how much of that witness's testimony to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

If you find that the prior statement was not consistent with the witness's testimony at this trial, then you should decide whether that affects the believability of witness's testimony at this trial.

Adapted from First Circuit Pattern Instructions, § 2.02; Modern Federal Jury Instructions at 7-19.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

Inferences

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact you know exists. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.  The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw--but not required to draw-- from the facts that have been established by either direct or circumstantial evidence.

In drawing inferences, you should exercise your common sense.  So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.  Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical reasonable inferences drawn from such evidence, you must not convict the defendant unless you are convinced of his guilt beyond a reasonable doubt.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13

Objections

At times during the trial, you heard lawyers make objections to questions asked by other lawyers, and to answers by witnesses. Both sides have also asked me to consider objections to evidence at the side bar.

It is a proper function of lawyers to make objections and to request rulings. In objecting, a lawyer is requesting that I make a decision on a particular rule of law. Do not draw from such objections, or from my rulings on the objections, any inferences about facts. The objections and my rulings related only to legal questions that I had to determine. They should not influence your thinking about the facts.

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14</u>

Statements by Defendant

You have heard evidence that Mr. Guzman made a statement in which the government claims he admitted certain facts. It is for you to decide (1) whether defendant made the statement and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

First Circuit Pattern Jury Instructions § 2.10.

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15</u>

Testimony that Defendant Was in Custody

You have heard evidence that Mr. Guzman was held in custody while awaiting trial in this matter.  It is not unusual for a person to be detained while awaiting trial on a serious charge. You may not consider the fact of this custody in evaluating defendant's guilt or innocence.  As I have told you before, you must evaluate whether the government has proven its case against Mr. Guzman beyond a reasonable doubt, and you may not consider the fact, or hold against him in any way, that he was held in custody while awaiting trial in making that determination.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16

Recording Interrogations

You have heard testimony that government agents interrogated Mr. Guzman but did not record the interrogation.  Where use of a recording device was available to law enforcement, and where an officer has chosen not to record it, you may consider whether the officers decided, for whatever reason, not to preserve evidence of that interrogation in a more reliable form.  You may consider that fact as part of your assessment of the less reliable form of evidence that the government has opted to present.  Because of the absence of any recording, you should weigh evidence of the defendant's alleged statement with great caution and care.

Authority: See United States v. Azure, 1999 U.S. Dist. LEXIS 22319 (D.S.D., Oct. 19, 1999) ("In all future cases in the Northern and Central Divisions of the District of South Dakota in which statements taken after November 1, 1999, are not tape or video recorded and there is no good reason why the taping or

recording was not done and there is disagreement over what was said, this Court intends to advise juries of exactly what is set forth in this Order and explain to the jury that F.B.I. agents continue to refuse to follow the suggestions of (the court) and why, in the option of the court, they refuse to follow such suggestions." Cited with approval in United States v. Mason, 497 F. Supp. 2d 328, 335 (D.R.I. 2007)("Courts and commentators have consistently struggled to understand the resistance by some in law enforcement to certain practices that offer the possibility of increasing the reliability of evidence in criminal cases.") See Commonwealth v. DiGiambattista, 442 Mass. 423, 447-8 (2004): "When the prosecution introduces evidence of a defendant's confession or statement that is the product of a custodial interrogation or an interrogation conducted at a place of detention (e.g., a police station), and there is not at least an audiotape recording of the complete interrogation, the defendant is entitled (on request) to a jury instruction advising that the State's highest court has expressed a preference that such interrogations be recorded whenever practicable, and cautioning the jury that, because of the absence of any recording of the interrogation in the case before them, they should weigh evidence of the defendant's alleged statement with great caution and care. Where voluntariness is a live issue and the humane practice instruction is given, the jury should also be advised that the absence of a recording permits (but does not compel) them to conclude that the Commonwealth has failed to prove voluntariness beyond a reasonable doubt." Further, "where the utilization of recording is left to the unfettered discretion of law enforcement (as it is at present), and an officer has chosen not to record a particular interrogation, we think that it is only fair to point out to the jury that the party with the burden of proof has, for whatever reason, decided not to preserve evidence of that interrogation in a more reliable form, and to tell them that they may consider that fact as part of their assessment of the less reliable form of evidence that the Commonwealth has opted to present."

DEFENDANT'S REQUEST JURY INSTRUCTION NO. 17

Identification Testimony

You have heard testimony from one witness, Luisito Rivera, that he saw a person or persons on West Street at the time of the fire.

In evaluating this testimony, please keep the following in mind:

Identification testimony is an expression of belief on the part of the witness.  Its value depends on the opportunity the witness had to observe the offender at the time of the offense and, later, to make a reliable identification of the offender. In appraising the identification testimony of a witness, you should consider the following:

(1)  Are you convinced that the witness had the capacity and an adequate opportunity to observe the person?  Whether the witness had an adequate opportunity to observe the person at the time will be affected by such matters as how long or short a time was available, how far or close the witness was, how good were lighting conditions, whether the witness had had occasion to see or know the person in the past.

(2)  Are you satisfied that the identification made by the witness was the product of his own recollection?  You may take into account both the strength of the identification, and the circumstances under which the identification was made.  You may also consider the length of time that lapsed between the

occurrence of the fire and the next opportunity of the witness to see defendant, as a factor bearing on the reliability of the identification.

Finally, you must consider the credibility of an identification witness in the same way as any other witness, consider whether he is truthful, and consider whether he had the capacity and opportunity to make a reliable observation on the matter covered in his testimony.

I again emphasize that the burden of proof on the prosecution to prove every element of the crime charged, including the identity of the defendant. Therefore, if, after examining all of the evidence, you find that a crime was committed, but you have a reasonable doubt about whether it was the defendant who committed that crime, you must find him not guilty.

See United States v. Telfaire, 469 F.2d 552 (D.C. Cir. 1972); Modern Federal Jury Instructions, Instr. 7-20.