UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10186-JLT |
| **HARRY GUZMAN** | ) ) | |

**GOVERNMENT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby submits its supplemental requests for jury instructions in the above-captioned action. The government respectfully reserves the right to further supplement, modify, or withdraw these instructions in light of the defendant's proposed jury instructions and/or developments at trial..

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:   /S/Robert E. Richardson
      ROBERT E. RICHARDSON
      Assistant U.S. Attorney
      (617) 748-3247

The government withdraws its previously requested instruction on "Credibility of Witnesses - Prior Inconsistent Statements," and requests that the Court instead give the following instruction:

### Evidence: Statements Before Trial

You will recall that during the trial, a witness was sometimes asked to give testimony about a statement made by that witness or by some other witness before trial. Unless I tell you otherwise, a before-trial statement is brought to your attention only to help you decide whether you believe and credit the testimony at trial of the witness who made the statement before trial. If you find that a witness knowingly gave a false statement concerning any material matter, before trial, you may take that into account in deciding whether to distrust the testimony at trial. You may credit the testimony of that witness at trial, or give it no credit, or only such credit as you think it deserves. Also, if a witness said something different about this matter earlier, even though truthfully, and you decide that the two statements are in conflict, then you may consider whether there is reason for you to doubt or discredit the testimony given.

Except as I tell you otherwise in these instructions, you cannot treat a statement made before trial as evidence in this case for any other purpose than to determine how it bears, if at all, on the credibility of the witness.

Jury Instructions, United States v. Trevor Charlton, Crim. No. 04-10306 (Dec. 2007)(Saris, J.).

The government also respectfully requests that this additional proposed instruction be given:

## Defendant Alone on Trial

During the course of this trial you have heard testimony regarding the activities of an individual named Juan Cruz. You are to consider the evidence regarding Juan Cruz only to the extent you, as jurors, find it assists you in determining whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged, either as a principal or as one who aided and abetted in the commission of the charged crime. The defendant, however, is the sole individual on trial here. You are not to speculate or consider what action, if any, may have been taken with respect to Juan Cruz. Again, your function here is to decide whether the government has proved this defendant guilty beyond a reasonable doubt, consistent with the instructions I have given you.