```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
         v.                     )    CRIMINAL NO. 04-10186-JLT
                                )
HARRY GUZMAN                    )
```

**AFFIDAVIT OF KONSTANTINOS BALOS**

I, Konstantinos Balos, hereby depose and state as follows:

1. I am a Special Agent employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed for more than seven years. I currently work in the Arson and Explosives Group out of Boston, Massachusetts. As such, I have been involved in the investigation and prosecution of the above-captioned case, in which Harry Guzman (the "defendant") has been convicted of arson resulting in death, in violation of 18 U.S.C. § 844(i), and also stands charged with committing a second arson, in violation of 18 U.S.C. § 844(i), in connection with fires occurring in Lawrence, Massachusetts on April 3, 2003 and June 9, 2003, respectively. I make this affidavit in connection with the defendant's sentencing, currently scheduled for May 13, 2008.

2. The two fires with which the defendant was charged were part of a series of nine fires that occurred between late March 2003 and June 9, 2003, all within a short walk of the location at which the defendant was then staying with his girlfriend,

1

Solveira Alamo: 197 West Street, Lawrence, Massachusetts. Attached are two exhibits relating to those fires. The first is a map showing the location of each of the nine fires, with information to the right as to the address at which each fire occurred. The second is a spread sheet showing basic information regarding each of the nine fires. As the map clearly shows, all of the fires occurred within a short walk of 197 West Street – in fact, one of the fires was set at 197 West Street itself. Seven of the nine fires were set in occupied multi-family apartment buildings. Four of the fires, including the fatal fire for which the defendant was convicted and the June 9, 2003 with which the defendant has also been charged, were set in the exterior rear porch area. The time at which two of the fires were set is unknown, but all of the other fires were set between midnight and 5:15 a.m. As described more fully below, the defendant was arrested for the last of these fires on June 9, 2003. After the defendant's arrest, the fires abruptly stopped.

    3. Through my participation in the investigation of these fires, I know that they caused great fear and concern in the neighborhood, particularly when they continued after the April 3 fatal fire had occurred. I particularly remember that, after the June 4, 2003 fire, which was set on the rear porch of 43-45 Manchester Street, just across the street from where the fatal fire had occurred, the tenants were living with their bags packed

because they were so scared that another fire would be set.

    4. By the time of the ninth fire, with which the defendant is charged in Count Two of the indictment, the defendant was under video and conventional surveillance. He was seen early that morning coming from behind 197 West Street with something in his hand. Law enforcement officers attempted to follow him but lost him after he turned right from West Street onto Manchester Street. The officers smelled smoke soon thereafter and tried to locate the fire, ultimately determining that a fire had been set in the rear porch area of 34 Washington Street but had quickly been extinguished by a tenant whose dog had alerted him to activity outside the building. Meanwhile, video surveillance showed the defendant returning to 197 West Street, concealing something among the trash bags outside the building, and then standing on the porch looking toward where the fire had just been set, 34 Washington Street, which was just one street over. When law enforcement officers returned to 197 West Street after assuring themselves that the fire had been extinguished, the defendant ran inside. He was located a short while later in a bedroom, not in Ms. Alamo's apartment, which was on the second floor, but instead in the third-floor apartment. The defendant claimed he had been there for hours, but the tenant told officers that the defendant had only just arrived there. Investigators obtained a search warrant and recovered a juice container

containing gasoline from among the trash bags outside 197 West Street. When I spoke with the defendant in November 2003 about the fatal fire, he told me that the container holding the gasoline that he had provided for use in that fire was a juice container.

5. After the jury returned its guilty verdict on Count One, the defendant created a disturbance in the courtroom and ultimately had to be subdued by means of a projectile stun gun. I helped to take the defendant out of the courtroom and into the cell in the back after the disturbance. In the cellblock, the defendant threatened me, saying, in substance, "You're a fucking liar," "It's not over yet," and "You'll get yours."

Signed under the pains and penalties of perjury this 9th day of May, 2008.

/s/Konstantinos Balos
KONSTANTINOS BALOS
Special Agent, ATF